CASE 23—PETITION ORDINARY—DECEMBER 29.

# Lieber, Griffin & Co. vs. Levy.

APPEAL FROM JEFFERSON CIRCUIT COURT.

The plaintiff had attached the property of his debtor, and thereby secured his debt, when third persons verbally promised him that, if he would release the attached property and receive fifty cents to the dollar of the debt, they would execute their notes therefor, payable in instalments, and for the costs of the proceeding. Plaintiff accepted the proposition, dismissed the proceeding, and released the attached property. *Held*—that the promise is not enforceable, being against the statute of frauds.

*Quere.* If the consideration for the promise had included the discharge by the plaintiff of his debtor from liability upon the debt ?

W. W. FRY, for appellants, cited 1 *Gray,* 391 ; 3 *Metcalf's Mass. Rep.,* 397 ; 13 *B. Mon.,* 360.

Lieber, Griffin & Co. vs. Levy.

L. H. Rousseau, for appellee, cited 1 *Met. Ky. Rep.*, 569 ; 3 *Met. Mass. Rep.*, 401 ; 13 *B. Mon.*, 360.

D. W. Wilson, on same side.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This was an action brought in the court below by appellee against appellants, upon a verbal promise to pay him fifty cents in the dollar of a debt which one Goldsbery owed him, and to pay the costs of a suit which appellee had instituted against said Goldsbery in the Louisville chancery court including an attorney's fee.

It is insisted, by appellants, that the petition does not set forth facts sufficient to constitute a cause of action.

Appellee alleges, in his petition, that Goldsbery was indebted to him in a certain sum of money for goods, wares, and merchandise, before that time sold and delivered to him, and that, by proper proceedings instituted in the Louisville chancery court against Goldsbery, he had caused the goods, &c., of Goldsbery to be attached, which goods, &c., were sufficient to satisfy and pay his debt and costs of suit, and that, while his said proceedings were pending, appellants proposed to him if he would release said attached goods, &c., and receive fifty cents in each dollar of the sum due and owing by said Goldsbery to him, they would execute their three notes for the amount, due and payable in four, eight, and twelve months, for equal parts of said fifty cents in the dollar of said Goldsbery's debt to said Levy, and for the costs of said proceedings in the Louisville chancery court; that he accepted said proposition, and did, without reasonable delay, dismiss his proceedings, and released said goods, &c., from his attachment, of which appellants had due notice, but that they had failed to execute their notes to him for the amount, as they had undertaken to do; all of which notes, if they had been executed according to agreement, would, before the institution of his action, have been due ; and he asks judgment against appellants for the amount for which, as he avers, they should have executed their notes.

The consideration of the promise, as averred in the petition, and that upon which appellee bases his right to recover, is, that he discharged his attachment, and released the goods of Goldsbery, and agreed to take the half of his debt.

Is the consideration, as thus stated, sufficient to take the promise out of, the interdict of the statute of frauds ?

There is no averment in the petition that appellee had discharged Goldsbery from his liability to pay him the debt, upon the promise or agreement of appellants to pay him fifty cents in the dollar, nor does it appear, from any averment in the petition, that appellee could not have at any moment after he dismissed his attachment sued Goldsbery for the same debt. The fact is stated in the petition that the proposition upon the part of appellants was to pay him fifty cents in the dollar of Goldsbery's debt, which he was to receive in full satisfaction of his debt against Goldsbery ; and, although he avers that he discharged his attachment without reasonable delay, he fails to aver that he discharged Goldsbery from the debt or from his liability to pay it.

In the case of *Jones vs. Walker*, (13 *B. Mon.*, 356,) the question was carefully considered, and numerous authorities referred to, from which the following principle is deducible : that if there be something substantial in the transaction besides the debt and the stipulations with respect to it, which is itself a sufficient consideration for the promise, and which may be assumed to be the real and principal inducement to its being made, then the promise, being founded on some new consideration arising between the creditor and the party promising, and collateral to the original debt, may perhaps be regarded as not being a mere promise to pay the debt of another, and as not being within the interdict of the statute, although it be in terms a promise to pay the debt of another, and although its performance will discharge that debt.

In the case of *Nelson vs. Boynton*, (3 *Metcalf's reports*, 396,) quoted in the opinion, *supra*, the plaintiff had, (as in this case,) actually attached the property of his debtor, and thereby secured his debt, when the defendant promised him, if he would discontinue his suit, he would pay him the debt, and

upon that promise he did discontinue his suit. In that case it was held, that, as the defendant made the promise for the benefit of the debtor, and derived no benefit to himself, the promise was *not* enforceable, being within the statute.

Testing the petition by the rule laid down in these cases, we are of opinion that it was insufficient to authorize a recovery against appellants. Wherefore, the judgment of the court below is reversed, and the cause remanded with directions that appellants' demurrer be sustained to the petition, and for further proceedings not inconsistent with this opinion.