CASE 15—PETITION EQUITY—JANUARY 7.

# Mattingly's heirs vs. Read.

APPEAL FROM DAVIESS CIRCUIT COURT.

Upon a petition by the guardian for the sale of the real estate of infants, if the report of the commissioners fails to show that the estate valued and reported by them was all of the real and personal estate of the infants, the sale is void. (18 *B. Mon.*, 782; 2 *Met.*, 515.)

In such case the commissioners are as much required to report whether the interest of the infant *"requires"* the sale to be made, as they are to report the net value and annual profits of the estate; and a failure in this respect renders the sale void. A report that the sale would *"redound"* to the interest of the infant does not confer jurisdiction to order the sale, and, if made, it will be void. The law requires the guardian to allege his belief that the sale will *redound* to the benefit of the infant, but the report of the commissioners must state that the interest of the infant *requires* the sale to be made; and the order appointing them should give such direction.

Until the statutory guardian's petition for the sale of real estate of the ward is filed, the court has no right to appoint commissioners to value the ward's estate.

SWEENEY & TAYLOR, for appellants, cited 16 *B. Mon.*, 491; 2 *Met.*, 210; *Rev. Statutes*, 592, sub sec. 2 of sec. 1; *Ib.*, sub-sec. 2 of sec. 2; 16 *B. Mon.*, 296.

G. W. RAY, for appellee, cited 2 *Metcalfe*, 516; 18 *B. Mon.*, 491; *Rev. Stat.*, chap. 86, art. 3; 18 *B. Mon.*, 561; *Civil Code*, sec. 56; 18 *B. Mon.*, 782.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This was a proceeding to sell infants lands, had under *chapter* 86, *Revised Statutes*, 2d vol. *Stanton*, 304.

A sale was made, and Read, one of the purchasers—who refused to give bond for the purchase money—procured an order setting aside the sale as to him. Of this order appellants complain.

The grounds relied upon by Read in the circuit court, and upon which the order seems to have been founded, relate wholly to defects in the commissioner's report, touching the value and profits of the estate of the infants, and the propriety of a sale of the land, which the chapter, *supra*, requires to be made before a sale can be ordered.

It is said, that the report neither discloses the extent, value, nor profits of the infants' estate, nor shows the necessity, in the mode required, of a sale.

In *Wyatt vs. Mansfield*, (18 *B. Mon.*, 782,) and in *Wells vs. Cowherd's heirs*, (2 *Metcalfe*, 515,) it was expressly held, that the commissioners report in such cases should show that the property, therein valued, was all of the real and personal estate belonging to the infants whose lands are sought to be sold; and that, without such a report, the sale would be void. The report here fails to show that the estate valued and reported by the commissioners was all of the estate of the infants, and comes clearly within the rule laid down in those cases.

In *Wells vs. Cowherd, supra*, it was said in regard to the report, touching the propriety of the sale of the land, that "without their report upon this point, the chancellor had no more jurisdiction to decree a sale than he would have had if the commissioners had failed to report at all. They are as much required to report whether the interest of the infant *requires* the sale to be made, as they are to report the net value and annual profits of the estate." And in view of this imperative requirement of the statute, the court held, that a failure of the commissioners to state in their report whether the interest of the infants required the sale to be made, was fatal alike to the report and sale.

The order appointing commissioners in this case directs them to report, not whether the interest of the infants *required* a sale of the land, but whether or not it would *redound* to their interest. And the commissioners, in response to this, say

that, "in their opinion, a sale of the land and slaves, and a division of the proceeds, would *redound* to the interest and benefit of said infants." It is contended that the words "require" and "redound," as used in the statute, signify the same thing, and are used interchangeably. We do not think so.

The word "redound" is required to be stated in the petition, and the word "require" in the commissioners report. The one is not equivalent to the other. Redound signifies to conduce in the consequence, to contribute, to result. Require means, to make necessary, to demand, to ask, as of right. The former is speculative in character, and looks to the future, whereas, the latter expresses a necessity *in presenti*.

The law requires the guardian to "allege his belief that the sale will redound to the benefit of the infant." But it likewise declares that, before the court shall have jurisdiction to order such sale, the commissioners shall report, under oath, "whether the interest of the infant *requires* the sale to be made." Here is a limit upon the jurisdiction of the court—restricting its power to sell to cases where reports of this kind have been ordered and made—and which can not and ought not to be disregarded. We conclude, therefore, that the failure to pursue the requirements of the law, in the particulars mentioned, was fatal to the sale, and furnished ample grounds for setting the same aside.

There is another irregularity in the proceedings which it may not be improper to notice. The report is made by commissioners who were appointed some days before what is termed the petition of the guardian was filed. This was certainly premature, because until the application by a statutory guardian, the court had no right to appoint commissioners to value the wards' estate.

No error is perceived in the record to appellants' prejudice, and the order setting aside the sale is therefore *affirmed*.