DANIEL P. WHITING vs. GEORGE W. COOK & others.

A bequest of a sum of money to be divided equally among various persons is a separate
bequest of a proportionate share of the whole sum to each; and a writ of error lies to
reverse a judgment recovered by them jointly for the whole sum.

Upon a writ of error to reverse a judgment recovered by several persons jointly who were
not entitled to maintain a joint action, the defendants in error cannot be allowed to
amend by striking out the names of all but one of them; especially if there are no means
of determining from the record the amount for which any one of them would be entitled
to recover judgment.

WRIT OF ERROR to reverse a judgment recovered by the defendants, seven in number, against the plaintiff, for a legacy. The plaintiff was executor of the estate of Joseph Whiting, who in his will bequeathed to his daughter Ruth W. Cook the sum of $500, with directions that the same should remain in the hands of his executor, to be paid to said Ruth from time to time, as therein provided, and further provided that, if she should die before the payment to her of the whole sum, then so much thereof as should remain at the time of her death should be equally divided among her children for their exclusive benefit. The declaration in the original suit averred that said Ruth had died; that there remained in the hands of the executor the whole of the five hundred dollars; that the plaintiffs were her children and were entitled to receive the money; and that payment of the same had been demanded and refused. This action was entered at June term 1860, and at June term 1862 judgment was rendered against the executor upon his default for $503.44 damages, and costs of suit.

S. B. Ives, Jr., for the plaintiff in error, cited Withers v. Bircham, 3 B. & C. 254; Parks v. Knowlton, 14 Pick. 432; Fairfield v. Burt, 11 Pick. 244; Hemmenway v. Hickes, 4 Pick. 497; Smith v. Franklin, 1 Mass. 480; Thayer v. Hollis, 3 Met. 369.

C. R. Train, for the defendants in error, cited Dodge v. Wilkinson, 3 Met. 292; Gen. Sts. c. 129, § 42; c. 146, § 3.

MERRICK, J. The record of judgment shows that each of the plaintiffs in the former suit in which it was rendered had a distinct and separate claim and cause of action; for the provision

in the will of Joseph Whiting, which is set forth in the declaration, that whatever part of the sum of five hundred dollars, given by him in trust for the use of his daughter Ruth W. Cook during her life, should remain unexpended for the purposes of the trust at her death, should be divided equally among her children for their exclusive benefit, did not constitute a joint bequest, but a distinct and several legacy to each of them of their respective proportions of such remainder. *Parks* v. *Knowlton*, 14 Pick. 432. It is undoubtedly the general rule of law that a misjoinder of causes of action may be taken advantage of by writ of error. *Fairfield* v. *Burt*, 11 Pick. 244. This rule must certainly include the case where the different causes of action belong to several different persons, and they all join in one action to recover the aggregate amount of what is due to them all. Hence it is obvious that the judgment in the former suit was erroneously rendered, and that upon the application of the plaintiff he is entitled to have it reversed.

But the defendants, foreseeing this result, have moved that they may be permitted, under the authority given to the court for that purpose, to make such amendments as will maintain and secure to them the whole or such part of the judgment recovered by them in the former action as substantial justice requires. Gen. Sts. *c.* 129, § 42. But the difficulties in allowing such amendment are insuperable. The only amendment which can be made, so as to authorize the rendition of any judgment in the action, is to strike out all the plaintiffs but one. This might have been done in the original action. *Dodge* v. *Wilkinson*, 3 Met. 292. But if that were now done, the judgment could not stand, for no one of the whole number of the plaintiffs was or is entitled to recover the whole sum for which judgment was rendered. Nor is there anything in the record to show what part of that sum any one of the plaintiffs would be personally entitled to recover ; for, all of them having taken judgment for less than the entire claim with interest upon it from the date of their writ, it is obvious that some one or all of them had, before the rendition of judgment, been partly paid and satisfied ; and the record now affords no means of determining what was justly

due to any one of them ; and therefore it would be impossible now to render such judgment in behalf of any one who might be left as sole plaintiff in the action, as substantial justice requires. *Judgment reversed.*