### CHARLES W. STEARNS *vs.* SAMUEL HARRIS.

If after a grant of land upon a condition subsequent, the estate of the grantor is assigned under the insolvent laws of this commonwealth, the grantor cannot thereafter maintain a writ of entry to recover possession of the granted premises for a breach of the condition.

WRIT OF ENTRY to recover land in Springfield. The parties submitted the case to the superior court on facts, which are stated in the opinion, on which *Brigham*, J. gave judgment for the tenant, and the demandant appealed.

*J. D. Colt,* for the demandant.

*J. Wells,* for the tenant.

GRAY, J. The demandant seeks to maintain this writ of entry upon the ground that a condition subsequent in a conveyance of land made by him to Alpheus Nettleton in 1843 has been broken, and the land thereby forfeited. But it appears

that in 1851, after the breach of condition, and before bringing this action, the demandant became insolvent and his estate was duly assigned under the insolvent laws of the Commonwealth; and the tenant contends that the right to take advantage of any such breach of condition is therefore in his assignee in insolvency.

The words of the insolvent law, describing and enumerating the property and rights of property which pass by the assignment, are large and comprehensive, and have always been liberally construed by the court, so as to include every valuable right in property, real or personal, not clearly excepted, whether legal or equitable, absolute or conditional, which could have been enforced by the debtor in any kind of judicial process. *Gray* v. *Bennett*, 3 Met. 525. *Gardner* v. *Hooper*, 3 Gray, 403, 404. *Dehon* v. *Foster*, 4 Allen, 551, 552. Indeed the statute expressly declares that the assignment of the debtor's property shall vest in the assignees " all his rights of action for any goods or estate, real or personal," and that " the assignees shall have the like remedy to recover all the said estate, debts and effects in their own names, as the debtor might have had if no assignment had been made." *St.* 1838, *c.* 163, § 5. Gen. Sts. *c.* 118, § 44.

The question then is, whether the demandant at the time of his insolvency had a right of action to recover this land. By the rules of the common law, he clearly would not have had; for an entry on the premises would have been necessary to avoid the conditional estate before bringing his action. But the Revised Statutes declared that a writ of entry to recover any estate of freehold might be maintained by proof of title and right of entry in the demandant, without actual entry. Rev. Sts. *c.* 101, §§ 1, 4, 8. And it was adjudged by this court, upon argument and full consideration, within three years after those statutes went into operation, that this change in the law was not confined to the ordinary case of a writ of entry against a disseisor, but extended to a writ of entry to enforce a forfeiture for breach of condition. *Austin* v. *Cambridgeport Parish*, 21 Pick. 220, 224. We cannot reconsider a deliberate judgment

of this court upon such a question without danger of unsettling rights of property which have been acquired under this construction of the law.

The demandant therefore cannot maintain this action. As our decision upon this point is a final disposition of the case, it is unnecessary to consider the other questions argued at the bar.

*Judgment for the tenant affirmed.*