BENJAMIN N. BULLOCK & another *vs.* GEORGE P. HAYWARD.

In an action of tort in the nature of waste, all the owners of the place wasted must join as plaintiffs.

A right to commence such action passes by an assignment in insolvency.

If the misjoinder of a plaintiff is not alleged in the answer, under the recent statutes of this commonwealth, and evidence is introduced without objection at the trial to prove such misjoinder, it is too late to object to its admissibility at the argument in this court.

GRAY, J. This is an action of tort in the nature of waste, brought on the 29th of September 1862 by Benjamin N. Bullock

and Dwight Bullock, to recover for waste committed before August 1859 upon land then owned by the plaintiffs jointly, subject to their mother's right of dower. Upon proceedings in insolvency instituted in August 1859 Dwight Bullock's estate was duly assigned, and in December 1859 his interest in this land was sold by his assignees in insolvency to his wife. These facts appearing at the trial, the jury were instructed that the action could not be maintained, and a verdict was taken for the defendant, which, by the terms of the report of the presiding justice, is to stand if this direction was right.

The general rule of the common law is familiarly known, that tenants in common must sever in real actions, because their estates are several; but must join in any personal action, even for an injury to their real estate, because the damages belong to them jointly. *Daniels* v. *Daniels,* 7 Mass. 137. *May* v. *Parker,* 12 Pick. 38, 39. Real actions of waste to recover the place wasted must therefore be brought by them separately, but in a personal action in the nature of waste they must all join. The provision of our statutes, by which any person entitled to bring an action of waste may instead thereof bring an action of tort in the nature of waste, was not intended to authorize the bringing of several actions to recover joint damages, but only to confirm the law as it was generally understood before this provision was introduced. Rev. Sts. *c.* 105, § 4, and commissioners' note. Gen. Sts. *c.* 138, § 4. If this action therefore had been commenced before the assignment of the estate of one of the plaintiffs under the insolvent laws, it would have been rightly brought.

But that assignment vested in the assignees in insolvency all the debtor's property, real or personal, and all rights of action to recover either the property itself, or damages for injuries to it. Gen. Sts. *c.* 118, §§ 44, 47   *Gray* v. *Bennett,* 3 Met. 525, 531. *Stearns* v. *Harris,* 8 Allen, 598. Dwight Bullock's assignees, or their grantee, if they had transferred their right, should consequently have joined, instead of Dwight himself, with the other plaintiff in this action. It is true that the non-joinder of either of those persons could not be given in evidence to defeat the action under the general denial in the answer, and, not having

been pleaded in abatement, could not be availed of except so far as to prevent Benjamin N. Bullock, if he had sued alone, from recovering more damages than in proportion to his own interest. Gould Pl. *c.* 5, §§ 111, 112. *Putney* v. *Lapham*, 10 Cush. 234. But the misjoinder of Dwight Bullock need not be so pleaded, and, at common law, might have been given in evidence under the general issue, or taken advantage of at any stage of the case at which it appeared. Gould Pl. *c.* 5, § 113. *Glover* v. *Hunnewell*, 6 Pick. 222. Since the statutes have authorized amendments by striking out or inserting the names of joint parties to an action, abolished the general issue, and required the grounds of defence to be precisely stated, we should be unwilling to say that the defendant was not required by law to specify this defence in his answer to the merits, instead of merely denying all the plaintiff's allegations, as he has done. See Gen. Sts. *c.* 129, §§ 17, 20, 21. *Dodge* v. *Williamson*, 3 Met. 292. But as the plaintiffs made no objection to the sufficiency of the answer in this respect at the trial, when it might have been readily amended, it is too late for them to do so now. *Jones* v. *Sisson*, 6 Gray, 288. After the introduction of evidence to show that one of the plaintiffs had no interest in the action, they allowed the case to be brought to this court for argument and adjudication, without moving to amend their writ by striking out his name and inserting the names of his assignees or their grantee. An amendment by striking out his name only would leave the writ subject to be abated for the non-joinder of such assignees or grantee. And an amendment substituting, for the name of Dwight, those of the present owners of his right, could not reasonably be allowed at this stage, except upon such terms as would be equivalent to obliging the plaintiffs to begin anew. The verdict must therefore stand, and there must be

*Judgment for the defendant.*

*A. Brainard*, for the plaintiffs.
*D. Aiken*, for the defendant.