PRESS PRINTING CO. *v.* J. SOULE SMITH.

**Statute of Frauds.**

Where a person is indebted on promissory notes and while still indebted he enters into a contract with appellant whereby for a valuable consideration appellant undertook to pay appellee's debt, such contract is within the statute of frauds; and such appellee cannot recover against appellant and at the same time hold the evidence of indebtedness of the debtor whose debt appellant agreed to pay.

APPEAL FROM FAYETTE CIRCUIT COURT.

November 14, 1874.

OPINION BY JUDGE PETERS:

The substance of the allegations of the petition is that the Observer and Reporter Printing Company being indebted to appellee in the sum named in the petition, and for which he holds its note; that while so indebted, the Observer and Reporter Printing Company made a contract with appellant, whereby, for a valuable consideration, it undertook and promised to pay appellee's debt on the first named company; and that subsequently appellant promised him to pay his debt upon the consideration aforesaid; and upon that promise appellee sued. To the petition appellant demurred, and its demurrer having been overruled, and failing to answer, further

judgment was rendered against it; and from that judgment this appeal is prosecuted.

It is not alleged that upon the promise of appellant to pay appellee's debt, he discharged the Observer and Reporter Printing Company from its liability to pay him. He still retains its note, and may at any time bring suit and coerce payment from the Observer and Reporter Printing Company. Nor does it appear that said company has credited appellant by the amount of appellee's debt. Taking, therefore, the allegations of the petition as true, as is done for the purpose of the demurrer, the debt of the Observer and Reporter Printing Company to appellee is still a subsisting and an enforceable debt. Consequently the promise to pay the debt by appellant is in fact a promise to answer for the debt of another, and is directly within the inhibition of the statute.

Whether or not the petition would have been good if it had alleged that appellant was indebted to the Observer and Reporter Printing Company, and in consideration of said indebtedness it had promised and undertaken to pay the debt of the latter to appellee, and he had accepted it as his debt and released his debt on the other company, we do not decide. But the reasoning of this court in *Jones v. Walker,* 13 B. Mon. 356, and in *Lieber, Griffin & Co. v. Levy,* 3 Met. 292, tends strongly to that conclusion.

If the Observer and Reporter Printing Company had united as a plaintiff with appellee, we see no reason why the suit could not have been prosecuted in their names for the benefit of appellee. But we cannot avoid the conclusion that the petition is insufficient, and does not state a cause of action against appellant; and the demurrer should have been sustained. Wherefore the judgment is *reversed,* and the cause remanded for further proceedings consistent herewith.

*T. Waters, for appellant.*
*John Shelby, for appellee.*