### GEORGE W. JACKSON *v.* ISAIAH OFFUTT.

**Consideration.**

> The mere agreement to abandon one remedy and pursue another, or to abandon for the time being the attempt to collect a debt without any other consideration, is not sufficient to hold the promissor liable.

**Statute of Frauds.**

> Where the only consideration, the agreement of the creditor not to coerce the payment of a debt by legal proceedings, is upon the promise of a third party that he would pay it, it is insufficient. Such a promise is within the statute of frauds and not binding.

#### APPEAL FROM SCOTT CIRCUIT COURT.

June 28, 1878.

OPINION BY JUDGE PRYOR:

As said by this court in the case of *Jones v. Walker*, 13 B. Mon. 356, if a promise to pay the debt of another founded on a sufficient consideration be enforcible, the provisions of the statute prohibiting the enforcement of such agreements is a mere nullity. The defend-

ant in this case received nothing in consideration of his promise, and the liability of the original debtor was in no manner affected by the agreement of the parties. Offutt still owed the debt, and the appellant was entitled to his execution at any moment. If the original debt still continues the promise is within the statute, unless some consideration has passed to the party making the promise. If a new and independent contract had been made, by which the benefit of the execution had been transferred to him, the appellant ceasing to control it, or if a part of the claim had been assigned the promise would have been binding; but the mere agreement to abandon one remedy and pursue another, or to abandon for the time being the attempt to collect the debt without any other consideration, is not sufficient to hold the promissor liable.

This question is discussed in the case of *Jones v. Walker,* supra, and the doctrine established sustaining the judgment of the court below, and also in the case of *Lieber, Griffin &. Co. v. Levy,* 3 Met. 292, where an attachment actually levied had been released, and the party making the promise held not liable. If the return of an execution or the release of an attachment is sufficient consideration the forbearance to sue would be also, the only consideration in each case being the agreement of the creditors not to coerce the payment of the debt by legal proceedings upon the promise of a third party that he would pay it. Such a promise is within the statute and not binding. Nor did the fact that the officer was about to levy on the property in which the wife of the appellee had an interest affect the question. The claim on Offutt was not relinquished. Payne derived no actual benefit from it. If it was Offutt's property the same was liable for the debt, and the property was only released for the time being from the lien as in the case reported in 3 Met., supra, and those cited in *Jones v. Walker,* supra.

The execution, if appellant's view is correct, was a lien on Offutt's land, or, if not a lien, steps were about to be taken to subject the property of Offutt to the payment of his debt, and the appellee had the proceedings stayed by an agreement on his part to pay the debt. This agreement did not release Offutt, and the fact that appellant has sustained a loss by reason of the promise does not take the case out of the operation of the statute. The same consideration could be shown in nearly every case of forbearance or indulgence by the creditor.

Judgment *affirmed.*

*A. Duvall, for appellant.   W. S. Darnaby, for appellee.*