### J. Z. MILLER v. THE STATE.

#### No. 784.   Decided March 28th, 1896.

1. **Gaming in Private Room or Residence—What Constitutes.**

To constitute the offense of gaming, in a private room or residence, it must appear: (1) That the room or residence is a gaming house: that is, one especially set aside and devoted to gaming. (2) Or that the room is attached to a public house, and is commonly used for gaming. (3) Or that it is a private room in an inn or tavern, and commonly used for gaming. (4) Where the room is a private business room, business office or a private residence, and does not come within either of the foregoing classes, it must be a room or house where spirituous liquors are retailed, in order to constitute gaming in such private room or residence an offense under the statute. (Penal Code, Art. 356).

2. **Same—Indictment.**

Where an indictment for gaming charged the playing of "a game with cards in a public house, to-wit: A. J. Brown's room in the H. dwelling, and which room was commonly used for gaming." Held: Fatally defective in not alleging that the room or residence was "a gaming house," or "a house for retailing spirituous liquors."

APPEAL from the County Court of Erath.   Tried below before Hon. THOS. B. KING, County Judge.

This appeal is from a conviction for unlawfully playing at a game with cards, the punishment being assessed at a fine of $20.

Omitting formal averments, the indictment charged as follows: "That J. Z. Miller, on the 1st day of April, in the year of our Lord, one thousand eight hundred and ninety-five, in the County of Erath and State of Texas, then and there did unlawfully play at a game with cards in a public house, to-wit:   A. J. Brown's room in the Hindsman dwelling, and which said room was commonly used for gaming, against the peace and dignity of the State."

Defendant filed the following motion in arrest of judgment, viz: "Now comes the defendant and moves the court to vacate, set aside, arrest and hold for naught, the verdict and judgment herein rendered and entered against him, because the indictment, upon which said verdict and judgment were had and obtained, is fatally defective and charges no offense against the laws of this State in this, to-wit:   Said indictment charges that defendant, J. Z. Miller, played at a game with cards in a room commonly used for gaming, but does not allege that such room was attached to any house made public by the statute, nor to any other house commonly known as public."

*Martin & George,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was indicted for playing at a game with cards in an alleged public house; was convicted, and his punishment assessed at a fine of $20, and appeals. The indictment alleges the house to be public, and then proceeds to make the following allegation, to-wit: "A. J. Brown's room in the Hindsman dwelling, and which said room was commonly used for gaming." The evidence shows that the room was Brown's private bedroom, upstairs in the Hindsman dwelling. Hindsman and family occupied the dwelling as a private residence. The proper disposition of this case calls for a construction of Penal Code, Arts. 355, 356, pertaining to the gaming law. Where a game of cards is played at any of the places named in Article 356, it is only necessary for the indictment to set forth that the playing of the game of cards occurred in one of those places. If it is not at a place or house named, but is believed to be at a public place, this fact must be stated, and the facts constituting it a public place must be set out. Whether at a private room or a private residence or not, if the room or residence is a gaming house, the playing at cards in such a room would be a violation of the law. What is a gaming house? As defined in the Century Dictionary, "it is a house where gaming is practiced; a gambling house." In People v. Weithoff, 51 Mich., 203-213, 16 N. W., 442, Judge Cooley says: "A house or room whose use is intended to facilitate gaming purposes, and where sporting characters are invited to congregate for illegal amusement and gaming, or to take money or other thing of value upon trials of chance, skill, or endurance. The house or room must be specially set aside and devoted to the purpose of gaming." We understand that a gaming house is one that is set apart and run or conducted by its owner or proprietor for the profits to be derived from the games there played, whether lawful or unlawful. This view of the case would exclude the idea that even habitual playing by private parties at a game otherwise lawful would constitute a private residence a public place within the meaning of the statute. If the room be attached to a public house, and is commonly used for gaming, it would be a violation of the statute to play cards in such a room. A private room of an inn or tavern, commonly used for gaming, is also a public house, and to play cards in such a room would be a violation of the law. But when we come to a private business office or a private residence, the statute expressly provides that it shall not be deemed a public house or place, unless at such private residence spirituous liquors are retailed. We call special attention to the distinction made by the statute with reference to rooms attached to certain named public houses and a private residence or a business office. To make a private residence or a business office a public house or place, within the meaning of the statute, spirituous liquors must be retailed there. But with reference to the named public houses, to constitute a room attached thereto such a public place, it must be commonly used for gaming. Now we do not understand the statute to mean by "commonly used for gaming" that it is necessary that the room be converted into a gambling house, but, being

attached to such public place and being commonly used for gaming, it is made a public place. We are not to be understood, and we emphasize this statement, that a private residence or a private room cannot be made a gaming or a gambling house, but, on the contrary, may be made a gaming house. We are to be understood that, unless it is a gaming house, if the indictment charges that it was a private room or private residence, to be sufficient, it must allege that spirituous liquors were retailed there. If a residence or a private room is a gaming house, the indictment need not allege that it was a private room or a private residence, but simply allege that it was a gaming house. This indictment, having alleged that it was a private room in a private residence, alleges that it was "commonly used for gaming." This may be so but it constitutes no offense, and the indictment is insufficient, unless "commonly used for gaming" be equivalent to a gaming house; in other words, that, if the house is commonly used for gaming, it is of necessity a gaming house. To this proposition we do not agree, and, if they be the same, there was no necessity of connecting the expression "commonly used for gaming" with a public house, as is done by the following provision of the statute: "Any room attached to such public house and commonly used for gaming; a private room of an inn or tavern, and commonly use for gaming." If, therefore, the room being commonly used for gaming constitutes it a gaming house, there was no necessity, as above stated, to require that it be attached to this public house or place. We hold that the allegations in the indictment are not sufficient to authorize proof that the room or private residence was a gaming house. After alleging that the room was a private room in a private dwelling, to make the indictment good, it should have alleged the retailing of spirituous liquors, or that it was a gaming house. But, as above stated, if it was a gaming house, it was unnecessary to allege that it was a private room of a private residence. This being alleged, however, the allegation that it was a private room in a private residence would be considered as surplusage. Because the indictment is not sufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and Dismissed.*