## PETE THORP v. THE STATE.

### No. 2271.   Decided October 17, 1900.

**1.  Gaming—Indictment—Gaming House.**

An indictment charging gaming "at a public place, to wit, a gaming house," is a sufficient description and designation of the "place" as "a house," but it required the pleader to prove that the public place was a gaming house, that is, a house set apart and run by the proprietor or owner for profit to be derived from the games there played, was intended for gaming purposes and was used by sporting characters for gaming purposes.

**2.  Same—Evidence as to Gaming House.**

See opinion for facts stated, held sufficient to establish that a room was used for gaming, and was a gaming house.

**3.  Juror—Qualification of.**

A simple affidavit, unsupported by any testimony, that one of the jurors who tried the case could not read or write, is not sufficient to authorize a reversal of the judgment.

APPEAL from the County Court of Parker.   Tried below before Hon. I. N. ROACH, County Judge.

Appeal from a conviction of gaming; penalty, a fine of $10.

The case is stated in the opinion.

No briefs for appellant with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of gaming, and his punishment assessed at a fine of $10; hence this appeal.

Appellant complains of the action of the court in refusing to quash the indictment.   There are three counts in the indictment.   In our opinion, the first and second counts in the indictment are good.   The conviction, however, if it can be sustained, must be under the first count, as the proof under the second count fails to show that the room where the game was played was an outhouse.   The first count charges the playing to have been "at a public place, to wit, a gaming house," and we understand the contention of appellant to be that the pleader should have used the word "house" instead of the word "place."   While this

would have been more accurate, yet this does not vitiate the indictment. The further description of the place as a certain gaming house was a sufficient description and designation of the place as a house, and the pleader, under this allegation, was bound to prove that the public place was a gaming house. The court did not err, therefore, in holding the indictment good. See Gomprecht v. State, 36 Texas Crim. Rep., 434; Nail v. State (Texas Crim. App.), 50 S. W. Rep., 704. In order to sustain the allegation in the indictment that the game was played at a. gaming house, it was incumbent on the State to establish by evidence that said house was set apart and run and conducted by its owner or proprietor for profits to be derived from the games there played, and that such house was intended to facilitate gaming purposes, and was used by sporting characters for the purpose of gaming. See Miller v. State, 35 Texas Crim. Rep., 650. The proof here showed that the game was played in a certain room over the saloon of one Maxey, in the town of Weatherford. Said room had two approaches,—one by stairway on the inside of the saloon, and one by stairway on the outside. The room, according to the evidence, was furnished with all the paraphernalia necessary for conducting the game of poker. It had a proprietor, in the person of one John Minick, who was not himself engaged in the game, but sold chips to the parties, and took a "rake-off," as it is termed in the statement of facts, when certain characters of hands were held by the parties to the game. For instance, there was a take out when there was a jack pot, a full house, a flush, or three of a kind. Witness says these rake-offs were ostensibly for fuel and lights, but they came very frequently. While the proprietor of the saloon testified that he knew nothing about the use of the room for the purpose of gaming, yet, evidently, if the testimony of the witness Moore is to be believed, the room was used for this purpose. He seems to have been invited at least on three occasions within a short space of time to participate in games in said room, and in one or two of said games defendant, Pete. Thorp, participated. We think the evidence, as disclosed in the record, sustains the allegation that said room was used for gaming, and was a gaming house. Lafferty v. State, 41 Texas Crim. Rep., 606.

It is further insisted by appellant that the case should be reversed because one of the jurors could not read and write. It is true that defendant makes an affidavit to that effect, but the record does not show that this affidavit was supported by any testimony to the effect that the juror Webb Keith could not read and write. If the matter had been properly presented to the court, it might have been shown that the juror was qualified, under the fourth subdivision of article 3139, Sayles' Revised Civil Statutes. At any rate, as presented, it is not a cause for reversal. The judgment is affirmed.

*Affirmed.*