### L. M. Griffin v. The State.

#### No. 2347. Decided February 12, 1902.

**1.—Gaming—Indictment.**

An indictment for gaming is sufficient which charges that defendant "did then and there unlawfully play at a game with cards in a public place, to wit, a gaming house."

**2.—Same—Witness Testifying as to—Evidence Before Grand Jury.**

On a trial for gaming, where defendant claimed exemption from prosecution under provisions of Penal Code, article 391, upon the ground that he had been summoned and had testified as a witness to violations of the gaming laws, and especially as to this occurrence, before the grand jury, he was entitled to prove that he had been summoned and had so testified before the grand jury.

**3.—Witness Giving Information as to Gaming—His Exemption.**

Under provisions of Penal Code, article 391, if the testimony of any one of the participants to gaming is used in behalf of the State by any of the tribunals, courts, or officers mentioned, this exonerates him from prosecution; and it mat-

ters not, at the time he so testified, whether he had been indicted or arrested or knew there was an indictment against him for the transaction.

**4.—Same.**

Article 391, Penal Code, was enacted for the purpose of forcing witnesses to testify in behalf of the State, and a witness can not incriminate himself in such cases, but is exonerated from punishment, and his testimony can not be used against him.

Appeal from the County Court of Johnson. Tried below before Hon. W. D. McKoy, County Judge.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion sufficiently states the case.

*Cleveland & Haynes,* for appellant.—The defendant was indicted by a grand jury of Johnson County for a violation of the gaming laws, and the testimony shows that he played at a game with cards at a gaming house, but on the trial of the case defendant plead not guilty and that he was exempt from prosecution, for the reason that he had been compelled by the grand jury to give testimony about the particular transaction for which he was being prosecuted. The court refused to permit any testimony whatever introduced, either by the members of the grand jury knowing the facts or by the defendant himself; and no testimony was permitted to be introduced as to what took place in the grand jury room when the defendant was before that body.

For this action of the court in refusing to permit testimony as to what took place in the grand jury room, the defendant assigns error, and brings this case before this court for review.

The defendant was summoned before the grand jury and compelled to testify, as shown by the testimony of the witnesses J. J. Rogers and H. C. Floyd, and also the testimony of defendant.

As shown by bills of exception 1 and 2, these three witnesses would have testified that the defendant was compelled to testify about the particular transaction for which he is at present being prosecuted, and this testimony was admissible. Wisdom v. State, 61 S. W. Rep., 926. Had this testimony been admitted it would have shown that the defendant was exempt from prosecution, as the laws exempts the defendant from prosecution under such circumstances. Willson's Crim. Stats., art. 391.

The burden is upon the defendant to show that he testified about the very act for which he is being prosecuted when he claims such exemption. Kain v. State, 16 Texas Crim. App., 282.

We submit to the court that although the law places the burden upon the defendant to show that he is exempt, still the law does not refuse him the right to relieve himself of that burden by legal and competent evidence; and if it does, it is more onerous than "the white man's burden."

Article 391, Willson's Criminal Statutes, while not enumerating a grand jury, yet a grand jury is in contemplation of the statute. Philpot v. State, 62 S. W. Rep., 921.

We submit to the court that if there is any meaning in said article, it is that the exemption shall be available upon the trial of the case;

and if so, how can it be done without testimony as to what took place in the grand jury room? The defense offered by the defendant, and which constitutes the exemption, can only be proved by members of the grand jury or the defendant himself. This the trial court refused to allow, and no evidence was permitted adduced that would show the defendant entitled to the exemption.

The evidence shows that the defendant had already been indicted, but at the time he was compelled to give his testimony he knew nothing about a bill of indictment against him for this offense.

*Rob't A. John,* Assistant Attorney-General, for the State.—1. The State submits that the bill as to the exclusion of the evidence before the grand jury is defective, in order to show an exemption, in that the article relied on by appellant uses the phrase that the witnesses to be exempt must "testify as to violations." A fair construction of this article is, that the testimony given must be testimony showing there was a violation of the gaming statute. Testimony denying a violation of the gaming statute, although the testimony involve a certain transaction, would not exempt a witness, either before the grand jury or before any other tribunal. Appellant in his bill does not state what his testimony was before the grand jury. It merely states that he was summoned and testified about the transaction for which he was indicted. So far as the bill shows, appellant may have testified to the transaction for which he is indicted, but denied the existence of certain facts that made the transaction a violation of the gaming law. For instance, he may have denied that the house was a gaming house, and testified to facts which shows that it was a private residence, although he may have admitted the gaming. He may have testified to the existence of the gaming house and his presence there, but denied that at that time and place he or anyone else played a game with cards. He may have admitted to the gaming in the gaming house, but may have testified that the game was a banking game, or a game with dominoes, or a game known as keno, which would have defeated the particular prosecution presented in the indictment. Under these circumstances he certainly could not claim the exemption under article 391, Penal Code.

2. The State further submits that appellant under his plea of not guilty is not permitted to set up pleas which would estop the State from prosecution under said article 391. The following propositions are deemed sound: That article 391, Penal Code, which exempts a party who testified to violations of the gaming law from a prosecution upon the transaction of which they testify is either one of two things; it is either in the nature of State's evidence, where the law itself makes the contract and provides the effect of the same, or it comes under the doctrine of jeopardy; that is, having been forced to testify under article 391, treats his testimony as an acquittal of the crime of gaming confessed to by him.

3. The State asserts as a proposition, that in either event it is a special plea, and can not be heard under appellant's plea of not guilty. A plea of not guilty, says Mr. Bishop, "is to put in issue the entire question of guilt, so that under this plea not only must the prosecuting power prove its whole case, but the defendant may rely on any defense, however special, showing an original absence of the guilt charged." Bish. New Crim. Law, sec. 799. A plea of not guilty traverses the allegations of the indictment and all the allegations. And under the plea of not guilty, appellant could not admit his guilt, and especially plead facts that have occurred subsequent to the indictment, which would estop the State from prosecuting him. If this be a plea in abatement, then unquestionably it must be specially pleaded, and pleaded before the introduction of the plea of not guilty. Thompson v. State, 62 S. W. Rep., 919.

If it be a plea in bar, Mr. Bishop defines it as follows: "Matter in bar, occurring after the offense was committed, as a conviction or acquittal on another indictment or a pardon, must be pleaded specially." Bish. Crim. Law, sec. 799, subdiv. 3. That it is a plea in bar and must be specially pleaded is shown by our decisions, especially if it comes under the doctrine of State's evidence, which operates in the nature of an estoppel.

This was substantially decided in the Kelly case, 36 Texas Criminal Reports, 480. Judge Henderson in that case treats the plea of estoppel as a special plea, and states what the same should contain, using the phrase, that "unless the plea contains the substance of the above, it is worthless."

It is therefore submitted by the State that it is a special plea in bar, that must be pleaded before the plea of not guilty is entered. It is a plea that appeals pecularily to the court for him to pass upon, and not the jury; it does not traverse a single allegation in the indictment, and is not upon the merits at all, but simply is to the effect that, concede the allegations in the indictment to be true, the State ought not to further prosecute appellant, because of the existence of this fact. The judge in his qualification to the bill shows that, at the time appellant testified, he had already been indicted for the offense charged and the indictment returned, the procedure specifically stating that special pleas must be interposed before the plea of not guilty. White's Ann. Code Crim. Proc., secs. 556, 557; Code Crim. Proc., art. 570; Kelley v. State, 36 Texas Crim. Rep., 480; Phillips v. State, 55 Ill., 429; People v. Allen, 43 N. Y., 28.

The State further submits that the issue being in the nature of a special plea, the same must not only be in writing, but verified by affidavit. This is statutory. White's Ann. Code Crim. Proc., sec. 562; Swancoat v. State, 4 Texas Crim. App., 105; Samuels v. State, 25 Texas Crim. App., 537.

.DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gaming, and fined $10.

The charging part of the indictment is as follows: "Did then and there unlawfully play at a game with cards in a public place, to wit, a gaming house." The motion to quash on the ground of insufficiency is not well taken. Thorp v. State, 42 Texas Crim. Rep., 231.

The first bill of exceptions is reserved to the refusal of the court to permit appellant to prove by himself and other witnesses that he was summoned before the grand jury and testified in regard to this transaction, and gave information and testimony in regard to violations of the gaming laws, and especially this particular occurrence, in which game defendant himself engaged. The State's objection to the introduction of this testimony was that the grand jurors were not permitted to testify as to the transaction and this evidence before that body. The court explains this bill by stating that the witnesses Floyd and Rogers on preliminary examination by the State testified that at the time defendant was before the grand jury the indictment herein had been returned, and the State's attorney admitted that at the time defendant testified before the grand jury he had not been arrested in this case, and knew nothing of the indictment against him. The objection urged by the State's attorney should have been overruled. Wisdom v. State, 42 Texas Crim. Rep., 579; Penal Code, art. 391. This article provides: "Any court, officer or tribunal having jurisdiction of the offenses enumerated in this chapter or any district or county attorney may subpoena persons and compel their attendance as witnesses to testify as to violations of any of the provisions of the foregoing articles. Any person so summoned and examined shall not be liable to prosecution for any violation of said articles about which he may testify and for any offenses enumerated in this chapter a conviction may be had upon the unsupported evidence of an accomplice or participant." Kain v. State, 16 Texas Crim. App., 282; Day v. State, 27 Texas Crim. App., 143; Wright v. State, 23 Texas Crim. App., 313. And it would make no difference whether the grand jury had returned the bill or was simply examining into the transaction. If the testimony of one of the participants is used by any of these tribunals, courts, or officers in behalf of the State, it exonerates the witness whose testimony is used by virtue of the terms of the statute. Nor does it make any difference at what stage of the investigation or trial the evidence of the participant is used. The grand jury may not have been satisfied that the evidence upon which the bill was returned was sufficient to justify a conviction, but, if they had been, still, under the terms of the law, the use of the testimony of one of the participants exonerates him from prosecution. In cases where indictments have been returned, and one of the indicted parties is used as a witness for the State, this would exonerate, even though he be one of the indicted parties. Article 391, supra, was enacted for the purpose of forcing witnesses to testify in behalf of the State. He can not plead that rule of evidence which does not permit a witness to incriminate himself, because when he testifies he is exonerated from punishment, and the incriminating testimony can never be used against him. The mere fact that

the participant is required to testify for the State exonerates him from punishment, and it is wholly immaterial whether it is before the arrest of himself or any of the parties, or subsequent to their arrest. See authorities supra. This testimony should have been admitted; and if, as contended, he was used by the grand jury as a witness in the examination of the case then upon trial, and gave testimony in behalf of the State, as he offered to prove, appellant is entitled to his discharge.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*