### Frank Biard v. The State.

#### No. 3980. Decided October 28, 1908.

**1.—Perjury—Voluntary Statement of Accused.**

Where upon trial for perjury the evidence showed that there was no examining trial held, but examination waived, and the statement upon which perjury is predicated taken, such statement might form a basis for false swearing, if anything, but is not a voluntary statement, such as is authorized to be introduced in the course of a judicial proceeding and hence cannot be a basis for perjury.

**2.—Same—Oath not Required to Statement.**

If the statement is a voluntary one within the purview of the statutes, it is not required that the defendant swear to same, under article 283 Code Criminal Procedure.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of perjury; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*B. B. Sturgeon* and *W. F. Moore,* for appellant.—On question of the insufficiency of the indictment: Davidson v. State, 22 Texas Crim. App., 372; Crow v. State, 49 Texas Crim. Rep., 103; 90 S. W. Rep., 650; Higgins v. State, 50 Texas Crim. Rep., 433; 97

S. W. Rep., 1054; Munoz v. State, 50 S. W. Rep., 950; Withers v. State, 21 Texas Crim. App., 210; 17 S. W. Rep., 726; Stanley v. State, 89 S. W. Rep., 829; Williams v. State, 96 S. W. Rep., 47; Garrett v. State, 37 Texas Crim. Rep., 198; 39 S. W. Rep., 108; Butler v. State, 38 S. W. Rep., 46; State v. Knight, 84 N. C., 789; Silver v. State, 17 Ohio, 365; 22 Am. & Eng. Enc. of Law (2d ed), p. 685.

*F. J. McCord,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at five years confinement in the penitentiary.

The statement of facts show, in substance, that appellant, in conjunction with others, was arrested for assault with intent to murder, and after they had waived their examining trial, appellant was requested and did make a voluntary statement, which statement was sworn to by him, and upon this statement perjury is predicated.

The indictment among other things, contains the following: "* * * and wherein issue was duly joined between the said State of Texas and said Bub Crowley, Lee Blow, Frank Biard, Harrison Biard and Sam Biard, defendants, came on to be heard in due form of law and was then and there heard by and before the said W. F. Boyett, justice of the peace as aforesaid, and the defendant Frank Biard being then and there informed by the said W. F. Boyett that it was his right to make a statement relative to the accusation brought against him but that he, the said Frank Biard, could not be compelled to make any statement whatever and that if he did make such statement the same would be used as evidence against him. Whereupon the said Frank Biard then and there stated that he desired to make a statement and tell all about it, and the said Frank Biard then and there appeared as a witness in behalf of himself, the said Frank Biard, and Bub Crowley, Harrison Biard, Lee Blow and Sam Biard, and was then and there duly and legally sworn, and did take his corporal oath before the said court as a witness to testify in said cause, which oath was then and there required by law and necessary for the ends of public justice and which said oath was then and there administered to him the said Frank Biard by the said W. F. Boyett, justice of the peace, and judge of said court as aforesaid." An oath is not necessary under the statute of this State where the defendant makes a voluntary statement in examining trial. Article 282 of the Code of Criminal Procedure provides: "Before the examination of the witnesses the magistrate shall inform the defendant that it is his right to make a statement relative to the accusation brought against him, but shall at the same time also inform him that he can not be compelled to make any statement whatever, and that if he does make such statement it may be used in evidence against him." Article 283 of

the Code of Criminal Procedure, provides: "If the accused shall desire to make a voluntary statement, he may do so before the examination of any of the witnesses, but not afterward. His statement shall be reduced to writing by the magistrate, or by some one under his direction, or by the accused or his counsel, and shall be signed by the accused, but shall not be sworn to by him. If the accused be unable to write his name, he shall sign the statement by making his mark at the foot of the same, and the magistrate shall in every case attest by his own certificate and signature to the execution and signing of the statement." In passing on a similar question in the case of Walker v. State, 28 Texas Crim. App., 112, Judge Willson, speaking for the court, used the following language: "We are of opinion that the written statement admitted in evidence against the defendant over his objection thereto is incompetent evidence and should have been rejected. Said statement can not be considered a voluntary statement such as is provided for by statute. It was not made by the defendant as a voluntary statement. It was sworn to by him. It was not authenticated as a voluntary statement by the magistrate before whom it purports to have been made. It is clear to our minds that the statement was not admissible in evidence as a voluntary statement under article 750 of the Code of Criminal Procedure." Jackson v. State, 29 Texas Crim., 463. The evidence in this case, as suggested above, shows that there was no examining trial held. All the parties waived the examination, and the statement upon which perjury is predicated taken. This might form a basis for a prosecution for false swearing, if anything, but is not a voluntary statement such as is authorized to be introduced in the course of a judicial proceeding, and hence can not be a basis for perjury. If the statement is a voluntary statement within the purview of the statute, it is not required that the defendant swear to same. By the very terms of the statute it is provided that said statement shall not be sworn to by him. The statute prohibiting the justice of the peace from swearing him to a voluntary statement, if he swears him to it, then he performs an illegal act, provided it is a voluntary statement. If it is not a voluntary statement, then certainly the utmost the State could insist upon would be a prosecution for false swearing.

We do not deem it necessary to review the other errors complained of by appellant.

The evidence failing to charge a state of facts upon which perjury could be predicated, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Ramsey, Judge, absent.