FRANK DODSON v. THE STATE.

No. 6131.   Decided June 15, 1921.

1.—Gaming—Keeping Gambling Place—Evidence—Immunity—Plea in Abatement.

Where, upon trial of a violation prohibiting the keeping of premises for purposes of gambling, defendant interposed a plea in abatement in which it was shown that he had been called before the grand jury and required to give testimony, under Article 574, P. C., and that by reason of which he was exempted from prosecution, the plea should have been sustained.   Following Griffin v. State, 43 Texas Crim. Rep., 432.

2.—Same—Evidence—Declarations by Defendant—Justice of the Peace.

Where the record on appeal showed that the time the statement was made by defendant before a justice of the peace, he was under suspicion and under investigation, touching the offense upon which the instant prosecution is based, and such statement was not reduced to writing, the same is inadmissible in evidence.   Following Phillips v. State, 86 Texas Crim. Rep., 626, and other cases.

Appeal from the District Court of Wichita.   Tried below before the Honorable Edgar Scurry.

Appeal from a conviction of keeping premises for gambling purposes; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Lesley Humphrey, Heyser, Hicks, Wilson & Williams,* and *Lantz & Bishop,* for appellant.—Cited Elliott v. State, 19 S. W. Rep., 249; Taylor v. State, 95 id., 119; Ex Parte Muncey, 163 id., 29; Griffin v. State, 66 id., 782.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of the violation of the law prohibiting the keeping of premises for the purpose of being used as a place to gamble with dice and cards; his punishment fixed at confinement in the penitentiary for a period of four years.

A plea in abatement was interposed in which it was alleged that the appellant had been called before the grand jury and required to give testimony, by reason of which he was exempted from prosecution of the offense charge by virtue of the terms of Article 574 of the Penal Code, which reads thus: "Any court, officer or tribunal, having jurisdiction of the offenses enumerated in this chapter, or any district or county attorney, may subpœna persons and compel their attendance as witnesses to testify as to the violations of any of the provisions of the foregoing articles.   Any person so summoned and

examined shall not be liable to prosecution for any violation of said articles about which he may testify; and, for any offense enumerated in this chapter, a conviction may be had upon the unsupported evidence of an accomplice or participant."

In support of his plea the appellant offered testimony to the effect that while he was in the gambling establishment with a number of others, a homicide took place in which he was not a participant; that he, with others, was arrested and placed in jail, from whence he was brought, at the instance of the county attorney, before the Justice of the Peace and there called upon to disclose what knowledge he had touching the homicide, and was also called upon and required to give testimony concerning the gambling establishment, and pursuant thereto did give testimony to the effect that the establishment about which he spent much of his time was a gambling house; that various gambling devices and games were conducted therein; that certain persons, whose names he gave, were concerned and engaged in the operation of the gambling house; that he had rented the building in which the gambling was conducted for the purpose of using it as a gambling house; that he had built the gambling tables that were used.

Appellant offered to prove that after testifying before the Justice of the Peace he was brought, while under arrest, before the grand jury and informed that he was charged with unlawfully keeping a gambling house; that this was under investigation and given warning that he was privileged to make the statement which could be used against him but not in his favor; that he replied that he did not care to make such a statement; that he was then told that after being sworn that inquiry would be made of him about the homicide. He gave such testimony, but in the course of it and after he had given all that he knew about it, inquiry was pressed with reference to his conduct in the gambling house and his connection therewith.

Article 574, *supra*, is a part of the gaming law. It reflects the judgment and declaration of the legislative branch of the government that in the suppression of the gambling vice it was deemed expedient to require participants to give evidence and to extend to them immunity. The option of calling one who has engaged in gambling to testify is with the prosecuting officers, but having exercised the option and secured the testimony by the means provided by the statute, the law operates to make those complying with it immune. Interpreting the statute, the court said:

". . . it would make no difference whether the grand jury had returned the bill or was simply examining into the transaction. If the testimony of one of the participants is used by any of these tribunals, courts, or officers in behalf of the State, it exonerates the witness whose testimony is used by virtue of the terms of the statute. Nor does it make any difference at what stage of the investigation or trial the evidence of the participant is used. The grand jury may not have been satisfied that the evidence upon which the bill was returned was

sufficient to justify a conviction, but, if they had been, still, under the terms of the law, the use of the testimony of one of the participants exonerates him from prosecution. In cases where indictments have been returned, and one of the indicted parties is used as a witness for the State, this would exonerate, even though he be one of the indicted parties. Article 391, *supra,* was enacted for the purpose of forcing witnesses to testify in behalf of the State. He can not plead that rule of evidence which does not permit a witness to incriminate himself, because when he testifies he is exonerated from punishment, and the incriminating testimony can never be used against him. The mere fact that the participant is required to testify for the State exonerates him from punishment, and it is wholly immaterial whether it is before the arrest of himself or any of the parties, or subsequent to their arrest." (Griffin v. State, 43 Texas Crim. Rep., 432).

So far as we are aware, this construction of the statute has not been overruled or modified, and there occurs to us no reason for so doing. The court, in our judgment, was not warranted in overruling the plea; and if presented upon another trial, proof should be heard and if the averments are sustained, the prosecution should be abated. See Elliott v. State, 19 S. W. Rep., 249; Taylor v. State, 50 Texas Crim. Rep., 183, 95 S. W. Rep., 119.

Upon the trial the State called the witness Guinn, a Justice of the Peace of Wichita County, who testified that the appellant was brought before him in the district attorney's office; that he was sworn and warned about making a statement. He made a statement, which the witness remembered to the effect that the poker table was run by Snow and that Smith ran the black-jack table; that another man, whose name the witness did not remember, ran the dice table; that the appellant was manager, having leased the building; that the tables mentioned were in the building. There was no complaint filed against appellant at the time though he was brought from the jail to give the testimony. It is apparent that at the time the statement was made the appellant was under suspicion and under investigation touching the offense upon which this prosecution is based; that evidence was given with reference to the particular transaction upon which he is prosecuted; that he was in custody; that his statement was not reduced to writing as required under Article 810 relating to confessions. These objections were made and ought to have been sustained. The testimony was not usable against appellant as a confession for the reason that the statute governing the confession had not been complied with. The statement did not purport to be that of a witness brought before a magistrate as authorized by Article 976 of the Code of Crim. Procedure, nor was it a voluntary statement made by the accused under Article 295, Code of Crim. Procedure. There was no legal charge against the appellant at the time such as gave jurisdiction under the purview of Articles 294 and 295, and was not reduced to writing as contemplated in those articles. It was in the nature of a proceeding

to obtain from the accused a confession, and but for the operation of Article 574, *supra,* it would doubtless have been available as a confession had the requisites of the statute making it necessary to reduce such a confession to writing and having it signed by the accused been complied with. Phillips v. State, 86 Texas Crim. Rep., 626; Brown v. State, 55 Texas Crim. Rep., 572, 118 S. W. Rep., 139; Walker v. State, 28 Texas Crim. App., 112, 12 S. W. Rep., 503; Biard v. State, 54 Texas Crim. Rep., 440, 113 S. W. Rep., 275.

The errors pointed out require a reversal of the judgment of the trial court, which is ordered.

*Reversed and remanded.*