T. M. WHITE v. THE STATE.

No. 6618.   Decided January 25, 1922.

**1.—Gaming—Grand Jury—Witness—Immunity—Practice in Trial Court.**

The statute providing for immunity, a participant in a gambling game cannot be required to testify thereto, and the State having availed itself of the Statute to secure defendant's testimony cannot deny him exhonoration from prosecution. Following Dodson v. State, 89 Texas Crim. Rep., 541, 232 S. W. Rep., 837.

Appeal from the County Court of Hamilton. Tried below before the Honorable J. C. Shipman.

Appeal from a conviction of unlawfully playing cards; penalty, a fine of ten dollars.

The opinion states the case.

*G. C. Lewis* and *Arthur R. Eidson,* for appellant.—Cited: Griffin v. State, 66 S. W. Rep., 782, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully playing cards at a place other than a private residence.

The evidence showed that appellant played a game of cards in the office of T. M. White with V. A. Hartman, S. C. Carlton and J. T. Lovelace about December first.

The appellant, before he was aware that the indictment had been returned, was summoned before the grand jury and testified as a wit-

ness and revealed the fact that the particular game upon which the conviction rests was played.

It is provided by law that a participant in a gaming case may be compelled to attend an inquiry into the offense and give evidence. In the article, however, it is said:

"Any person so summoned and examined shall not be liable to prosecution for any violation of said articles about which he may testify." (Penal Code, Art. 574.)

In construing this article, it is held that where one is on trial charged with gaming, he may prove as a defense that he was subpoenaed before the grand jury, and in obedience to its requirement gave evidence touching the transaction. Griffin v. State, 43 Texas Crim. Rep., 428. Therein it is said:

"It would make no difference whether the grand jury had returned the bill or was simply examining into the transaction. If the testimony of one of the participants is used by any of these tribunals, courts or officers in behalf of the State, it exonerates the witness whose testimony is used by virtue of the terms of the statute."

But for the statute providing for immunity, a participant in a gambling game could not be required to testify thereto. The statute gives him immunity. The State having availed itself of the statute to secure appellant's testimony, cannot deny him exoneration from a prosecution to which, under the same statute, he is entitled. Dodson v. State, 89 Texas Crim. Rep., 541, 232 S. W. Rep., 837.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*