WILL STONE v. THE STATE.

No. 7965.  Decided December 19, 1923.

1.—Manufacturing Intoxicating Liquor—Evidence—Search Warrant.

Objections to certain testimony of the officer as to the finding of the liquor, etc., upon premises of defendant, because the officer had no search warrant, were properly overruled. Following Welchek v. State, 93 Texas Crim. Rep., 271.

2.—Same—Requested Charge—Defendant as a Witness—Immunity.

Where it was disclosed that the fact that both in defendant's conversation with the officer and his testimony before the grand jury, and upon trial

he denied any connection with or knowledge of the manufacture of any liquor upon his place, for which he was upon trial, and he could not be· punished for acts disclosed by such conversation, he was not thereby exempt from prosecution.   Following Davis v. State, 93 Texas Crim. Rep., 192.

### 3.—Same—Requested Charge.

There was no error in declining to submit to the jury an issue in support of which defendant presented no testimony.   Distinguishing Ex parte Miller, 91 Texas Crim. Rep., 607, and other cases.

Appeal from the District Court of Fannin.   Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant..

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Fannin County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Officers who went to the house of appellant on the occasion in question found in one corner of the building a still from the worm of which whisky was dripping, also quantities of mash and liquor already manufactured were found in the room.   The still was warm but the fire was out.   Appellant told the officer that he knew nothing about the still, that it was run by one Jess Norris.   While the officer was at the home of appellant the latter told of other illicit manufacture of liquor being engaged in at various places in the neighborhood, some of which tips or statements were followed up by the officer and found to be true.   At a date subsequent to the raid appellant was summoned before the grand jury and there warned and gave testimony. No witness testified as to what statements were made before the grand jury but appellant himself.   On the trial of this case appellant took the stand in his own behalf and denied any connection whatever or knowledge of the manufacture of intoxicating liquor on his premises, He testified that he had been sick in bed for more than two weeks prior to the visit of the officers to his house, and that one Norris had asked permission of him to use the room of his dwelling in which the still, mash, were found, and that he had given Norris such permission but did not know the use to which the room was being put; did not know of the presence of the mash, the still or the liquor and that he had no connection with it of any character whatever.   While testifying he was asked if it was not true that he had been summoned before the grand jury and had there testified about the matter in-

volved. He replied that he had been so summoned and that he had told the grand jury as nearly as he could recollect the same things that he had testified upon this trial. He also averred that he had told the officers about other liquor being manufactured in the neighborhood and that he had told the truth both to the officers and before the grand jury.

Bill of exceptions No. 1 complains of the admission of the testimony of the officer as to the finding of the liquor, etc., upon the premises of appellant. It was not claimed by the State that the officer had any search warrant at the time. Objection to the testimony was properly overruled. Welchek v. State, 93 Texas Crim. Rep., 271.

Appellant's bill of exceptions No. 4 complains of the refusal of a requested charge, which charge is as follows:

"Gentlemen of the Jury: If you believe from the evidence, or if you have a reasonable doubt therefrom, that the defendant was required to give evidence to the State in regard to the matters involved in this charge, you will find the defendant not guilty."

It is insisted that appellant was entitled to exemption from prosecution because he had testified before the grand jury, or had made statements to the officers regarding the fact of the manufacture of the intoxicating liquor in question such as entitled him to exemption from prosecution under the provisions of Sec. 40, Chap. 78, Acts First and Second Called Session, Thirty-sixth Legislature. The section referred to is as follows:

"That no person shall be excused from testifying against persons who have violated any provisions of this Act for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punished for acts disclosed by such testimony."

Analysis of the testimony of appellant discloses fully the fact that both in his conversation with the officer and in his testimony before the grand jury and upon the trial of this case, he denied any connection with or knowledge of the manufacture of liquor upon his place. For this alone he was on trial. Manifestly his testimony disclosed the truth of no facts upon which this prosecution was originated or upon which this conviction rests. It would seem to follow logically that he was not being tried and is not now being punished "for acts disclosed by such testimony." There is nothing in this record in anywise raising the question of his testimony in regard to other matters, and appellant's contentions as to the special charge do not rest upon his testimony with regard to any matters other than those involved in the instant case. In the case of Davis v. State, 93 Texas Crim. Rep., 192, we discussed a similar proposition and stated: "We fail to find where appellant is being punished in the instant case for any acts disclosed by her to the grand jury." We do not think the trial court in declining to submit to the jury an issue in support of which appellant presented no testimony. No matter how strenuous a contention may be made in argument, in order to require the sub-

mission of an issue of fact to the jury, there must be testimony offered in support of such issue. Appellant not having claimed himself, and not having offered the testimony of any other witness in support of the proposition that he gave to the officer or the grand jury any testimony implicating himself in the offense on trial, the refusal of the special charge in question was proper. We find nothing in Ex parte Miller, 91 Texas Crim. Rep., 607, or Dodson v. State, 89 Texas Crim. Rep., 541, contrary to the conclusion announced by us. The Dodson case arose under a gambling statute and involves the construction of an entirely different proposition from that laid down by the Legislature in regard to violations of the liquor law. The Miller case involved the right of one to refuse to answer questions before the grand jury which were not in anywise pertinent, and as we understand those cases neither are analogous in principle or facts to the case before us.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*