## L. D. DOUGLAS v. THE STATE.

No. 8566.  Delivered March 4, 1925.

**Sale of Intoxicating Liquor—Immunity Given—When Compelled to Testify.**

Where on a trial for the sale of intoxicating liquor, it appears that the appellant had been taken before the Grand Jury, and questioned by the District Attorney, and admitted that he had made the sale of intoxicating liquor to the witness Yates, he could not afterward be prosecuted for such sale.  Under the terms of Sec. 40 Chap. 78 Acts of the 36th Leg., 2nd called Session, he was immune from prosecution in the present case, and the cause is for that reason reversed and remanded.

Appeal from the District Court of Bell County.  Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Dewitt Bowmer,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

After he was arrested, the appellant was placed in jail. While there, at the instance of the district attorney, he was called before the grand jury. The appellant mad no request to go before the grand jury or to make any statement. Replying to questions propounded by the district attorney, appellant admitted that he made the sale of whiskey to Yates the person named in the indictment. His statement was not reduced to writing or signed. See Oliver v. State, 81 Texas Crim. Rep. 531.

Appellant was subsequently indicted for the sale of whiskey to the witness Yates which he described in his testimony before the grand jury. Upon the trial Yates testified to the sale and the appellant's statement was not used against him. Appellant claims, however, that by authority of the terms of Sec. 40, Chap. 78, Acts of the 36th Leg., 2nd Called Session, he was immune from prosecution in the present case. The statute in questions reads thus:

"That no person shall be excused from testifying against persons who have violated any provisions of this act for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punished for acts disclosed by such testimony."

We had occasion to consider this statute in the case of Davis v. State, 93 Texas Crim. Rep. 192, (see p. 195). In that case the claim of immunity was denied for the reason that the accused when before the grand jury gave no testimony upon which to found the prosecution, but denied the transaction.

Appellant in the present case, on the contrary, revealed the identical facts upon which the conviction is based. The wording of the statute makes it plain that it was intended that one accused of violating the laws against the traffic of intoxicating liquors might be called upon to testify to facts, but if he truthfully discloses his connection with the offense, he is immune from prosecution upon the same facts. A similar statute with reference to the Gaming Laws is found in Art. 574 of the Penal Code, and upon facts similar to those in the present case, it has been uniformly held that immunity inured to the accused. Griffin v. State, 43 Texas Crim. Rep. 432; Elliott v. State, 19 S. W. Rep. 249; Taylor v. State, 50 Texas Crim. Rep. 183; Dodson v. State, 89 Texas Crim. Rep. 451.

The right of one to refrain from giving testimony, the nature of which is to reveal his criminal connection with an offense denounced

by law, is one of the guarantees of the Bill of Rights, and it is over-come only by the tender of immunity, which obviously is the pur-port of the statute under discussion. See Ex parte Copeland, 91 Texas Crim. Rep. 556; Ex parte Miller, 91 Texas Crim. Rep. 608; Dodson v. State, 89 Texas Crim. Rep. 541.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*