### SOL DUNAGAN v. THE STATE.

No. 9657.    Delivered December 16, 1925.

**Manufacturing Intoxicating Liquor—Evidence—Statutory Immunity.**

Where, on a trial for manufacturing intoxicating liquor, the record discloses that the appellant was brought before the grand jury, and therein disclosed and testified to the facts and transactions covering the offense alleged in the indictment. Art. 694 P. C. 1925 gives immunity from prosecution so as so testifying, and the trial court erred in overruling appellant's motion to dismiss the indictment against him. Following Douglas v. State, 269 S. W. 1041, and many authorities cited therein.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Bryant & Gear* of Wortham, *Edwards & French,* of Fairfield, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Freestone County of the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the appellant was brought before the grand jury and therein disclosed and testified to the facts and transactions covering the offense alleged in the indictment. It is the contention of the appellant in this

case by reason of the grand jury having subpoenaed and called him as a witness before it and interrogating him concerning the facts and having him testify thereto, upon which this indictment is based, that he was immune from prosecution, and that his motion to dismiss said indictment should have been granted. After a careful examination of this record we are forced to the conclusion that appellant's contention under the law is correct.

Penal code of 1925, Art. 694 is as follows:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

In Douglas v. State, 269 S. W. 1041 this Court through Presiding Judge Morrow, in construing said statute supra involving a similar case, stated:

"The wording of the statute makes it plain that it was intended that one accused of violating the laws against the traffic of liquors might be called upon to testify to facts, but if he truthfully discloses his connection with the offense, he is immune from prosecution on the same facts. . . . The right of one to refrain from giving testimony, the nature of which is to reveal his criminal connection with an offense denounced by law, is one of the guarantees of the Bill of Rights (Const. Art. 1, Sec. 10), and it is overcome only by the tender of immunity, which obviously is the purport of the statute under discussion." Citing many authorities.

If the evidence upon another trial is the same as presented in this record, appellant's motion to dismiss the indictment should be sustained.

For the error above mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.