### WARREN LEWIS V. THE STATE.

No. 9548.   Delivered January 27, 1926.

**1.—Possessing Equipment, etc.—Grand Jury Investigation—Accused Testifying Before—Statute Construed.**

Where it is shown upon trial for the possession of equipment for the manufacture of intoxicating liquor that appellant had been carried before the grand jury and there compelled to testify as to the transaction, under Art. 694 P. C. of 1925, he could not be punished for acts disclosed by such testimony.

**2.—Same—Continued.**

Where an issue is raised upon the trial as to the testimony of accused before the grand jury embracing the offense for which he is on trial the court should properly instruct the jury that if the grand jury had the appellant brought before them, and had him testify to matters concerning the transaction of his being found in possession of the equipment, and his said testimony tended to incriminate him, to acquit him. Following Douglas v. State, 269 S. W. 1041.

**3.—Same—Charge of Court—Held, Incorrect.**

Where, on the trial of appellant for possessing equipment for manufacturing intoxicating liquor, the court charged the jury that if they believed from the evidence, *beyond a reasonable doubt,* that the possession of the equipment for manufacturing intoxicating liquor was *not* for medicinal purposes to acquit, was incorrect in shifting the burden of proof to the defendant. If the jury had a reasonable doubt on this issue, it was their duty to acquit him.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquors, penalty two years in the penitentiary .

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Hopkins County for possessing equipment for manufacturing intoxicating liquors, and his punishment assessed at two years in the penitentiary.

Appellant complains of the action of the court in refusing to charge the jury that if he, the appellant, was brought before the grand jury and forced to testify concerning the possession of the equipment in question, to acquit him. The record discloses that when the sheriff and his deputies made the raid in question they found a still in operation constructed out of an oil barrel and other barrels containing mash, in the smoke house belonging to and under the control of the appellant. The raid was made at night, and the sheriff arrested the appellant in a few feet of the smoke house, and his deputies, upon entering the smoke house, found a Mr. Wilkes and Nick Johnson therein. The equipment consisting of the still and barrels was destroyed. The record discloses that the appellant was carried before the grand jury, and upon his refusal to testify, he was taken before the district judge and then sent to jail. This occurred on Thursday. He was carried from the jail to the grand jury room on Friday and again refused to testify, and returned to jail. Each of said times it appears that the appellant informed the grand jury that his lawyers told him "not to talk", and he refused to answer any questions propounded to him. On Saturday he was again carried before the grand jury and, he claims, testified to the entire transaction concerning the raid and gave all evidence pertaining thereto, in addition to other testimony concerning the making of whiskey prior to said investigation. It was the State's contention that the grand jury informed the appellant that he had already been indicted on the transaction discovered at the time of the said raid, and that they did not desire any information concerning the said raid, but desired information from him concerning another and different matter as to whiskey making. This contention is borne out by the testimony of the district judge and the county attorney, which raised a controverted issue. But the record, as we understand it, is practically undisputed and the state did not deny but that the investigation and inquiry from the appellant included the possession and ownership of the barrels that were destroyed at the time of the said raid by the officers. However, if there was a controversy

on this issue, as well as the issue of making the whiskey at the time of the raid between the state and appellant, it was the duty of the trial court to submit same under appropriate instructions to the jury and leave it to the jury to decide whether or not said inquiry and investigation of the grand jury and evidence of the appellant covered the entire transaction of the ownership and possession of a part of the equipment or all of the equipment in question.  Art. 694, 1925 Penal Code, states:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

The testimony of the county attorney in this case shows, as we understand the record, that after the grand jury had received the testimony of the appellant on the matters inquired about, they returned an indictment against said Wilkes, based upon the transaction discovered by the officers at the time of the said raid.  We think under the Article supra, and the case of Douglas v. State, 269 S. W. 1041, that the trial court upon another trial of this case, if the testimony is the same, should properly instruct the jury that if the grand jury had the appellant brought before them and had him to testify to matters concerning the transaction at the time of the said raid, and ownership of the barrels that were found and destroyed by the officers at said raid, and forced him to disclose any fact that would tend to incriminate him as to making of said whiskey at said time and the ownership of any of the equipment used in connection therewith, to return a verdict of not guilty.

Complaint is also made to the 5th paragraph of the court's charge as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about the 17th day of December, 1924, the defendant, Warren Lewis, in Hopkins County, Texas, did have in his possession a still, mash, material or equipment for the manufacture of intoxicating liquor, and that the same was not for medicinal purposes, you will find the defendant guilty as charged in the indictment, but unless you so believe beyond a reasonable doubt you will acquit the defendant."

The appellant contends that the court charged the jury that they must "believe beyond a reasonable doubt" that the appellant had the equipment for the purpose of manufacturing in-

toxicating· liquor· for medicinal ·purposes before they could
acquit him, was error, and placed an undue burden· upon him
to show his defense. Said charge of· the court is subject to
the appellant's criticism, and clearly wrong. If the jury had
a reasonable doubt as to those matters, it was their duty to
acquit him.

For the errors above mentioned we are of the opinion that
the judgment of the trial court should be reversed and re-
manded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals ·has
been examined by the Judges of the Court of Criminal· Ap-
peals and approved by the Court.