### L. L. MEDLOCK V. THE STATE.

No. 10383.   Delivered June 24, 1927.

Rehearing denied November 23, 1927.

**1.—Possessing Potable Liquor, Etc.—Immunity From Prosecution—Statute Construed.**

Art. 694 P. C. provides: "No person shall be excused from testifying against persons who have violated any provision of this chapter (Liquor Statutes) for the reason that such testimony will tend to criminate him, but no persons *required* to so testify shall be punishable for acts disclosed by such testimony."

**2.—Same—Continued.**

Where appellant voluntarily in response to a subpoena and without being *required* to do so gave testimony before the grand jury as to his sales of tincture of ginger, this testimony did not exempt him from prosecution for the sales testified to by himself.

**3.—Same—Continued.**

The definition of the word *"required"* most used, and seemingly in all statutes such as the one before us, are: "to compel," "to demand," "to command," "to make necessary." From these authorities we conclude that testimony given, or a statement made before a court or grand jury which is free from the elements of demand or command, or compulsion, and appear to have been voluntarily made, would be admissible in evidence against the party making it. See Mattingly Heirs v. Reed, 60 Ky. 524, and other cases cited in opinion.

### 4.—Same—Requested Charges Properly Refused.

Where appellant requested the court to charge the jury that if he kept for sale tincture of ginger which had been made according to the formulas prescribed by the United States Pharmacopoeia to acquit him. Such is not the law, and the requested charge was properly refused. See Art. 674, P. C.

### 5.—Same—Continued.

It is expressly provided by the above Art. 674, P. C. that if one keeps such preparations as that kept by appellant, even though put up according to the formulas of said pharmacopoeia, for sale for beverage purposes, and it is a liquor forbidden to be kept or sold for beverage purposes, he would be guilty of violating the law.

### 6.— Same — Evidence — Statement of Accused — All or Any Part May Be Introduced.

Where a statement made in writing by appellant before the grand jury was offered in evidence by the state, it was not required that all of said statement should be introduced. The state has the right to offer all or any part thereof, and when a part was offered by one party all of same relating to the same subject may be offered by the other party. See Early v. State, 9 Tex. Crim. Rep. 477, and other cases cited.

### 7.—Same—Continued.

Nor would the fact that part or all of such statements which was in writing was in answer to questions render it incompetent. See Bailey v. State, 26 Tex. Crim. Rep. 715, and Tidwell v. State, 40 Tex. Crim. Rep. 40.

### 8.—Same—Charge of Court—Held Proper.

Where, on a trial for the sale of a potable liquor containing in excess of one per cent of alcohol by volume, etc., there was no error in the court charging the jury that if such liquor was possessed for the purpose of sale *"as a beverage,"* etc., to convict.

### ON REHEARING.

### 9.—Same — Statement of Accused — Made Before Grand Jury — Properly Admitted.

Where appellant was subpoenaed before the grand jury and after being warned that he was not compelled to make a statement and that if one was made it could be used against him, and not for him, his statement then made voluntarily, and in answer to questions, was properly admitted in evidence against him, and he was not immune from prosecution under Art. 694, supra. If, in response to the warning he had signified a desire to remain silent, and the state had forced from him such statement, under Art. 694 such statement could not be used on his trial, not being voluntary. Distinguishing Wisdom v. State, 42 Tex. Crim. Rep. 579, and Grimsinger v. State, 44 Tex. Crim. Rep. 1.

Appeal from the District Court of Nolan County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for possessing potable liquor containing more than one per cent of alcohol by volume, penalty two years in the penitentiary.

The opinion states the case.

*Jno. J. Ford* and *Geo. W. Outlaw* of Sweetwater, *Roy L. Duke* and *Stinson, Coombs & Brooks* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing potable liquor containing more than one per cent of alcohol by volume, punishment two years in the penitentiary.

Appellant was proprietor of a drug store in Roscoe, in Nolan County. The liquor he sold was tincture of ginger. In a signed statement he admitted he had been selling the Sunset and Murphy brands of said liquor and that same contained 92 per cent of alcohol. He further said: "I sell about two cases a month, each case containing 72 bottles; I don't average that much all the time, but have sold that much in the last thirty days * * * in my opinion it could be drunk in sufficient quantities to intoxicate." No witness affirmed that the Sunset and Murphy brands of tincture of ginger were put up in accordance with formulas prescribed by the United States Pharmacopœia, except as same appears in the general statement made by appellant while a witness, when he said that the tincture of ginger he sold was double strength, according to the United States Pharmacopœia. Conceding that it was a liquid so prepared, the issue would then arise as to whether same was possessed by appellant for sale as a medicine or for sale as a beverage, it being provided in Art. 674 P. C. that nothing in that chapter should prevent the keeping and storing for sale of any medicinal preparation manufactured in accordance with the formulas prescribed by the United States Pharmacopœia * * * which were manufactured and sold for legitimate and lawful purposes, *and not as beverages.* On the point of whether appellant sold the liquor as a beverage, there appears other evidence beside the statement of the accused, showing the purchase and use of the liquor in question by a number of people; also the quantity and number of bottles found in the rear of appellant's place and in his toilet. Appellant admitted that he had made a rule that he would not let this liquor be drunk in his store, though he had no such rule relative to other articles sold as medicine.

The first bill of exceptions was taken to the refusal of peremptory instruction to find appellant not guilty. Passing the question as to the sufficiency of the bill, we see no error in the refusal of the charge requested.

There is a bill to the refusal of the court to instruct the jury that if appellant was subpœnæd to appear before the grand jury as a witness, was sworn, and was asked about and testified before said grand jury to the transactions and sales of tincture of ginger made by him, and gave the names of witnesses who appeared on the trial of this case and testified against appellant —that by reason of such facts the defendant would be immune from prosecution, and therefore the jury should be instructed to find him not guilty.

We have carefully examined the facts and the law applicable. Art. 694 P. C. is as follows:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony." It will be observed that to exempt from punishment any person who has testified against those supposed to have violated the provisions of the chapter including said article, such person must *have been required* to so testify. This phase of the statute seems not to have been before this court for interpretation in any other case. In fact, we have been unable to find in any Texas decision a meaning ascribed to the word "require," when used as in Art. 694, supra. From the decisions of other jurisdictions, the textbooks, and lexicons, we note that it has been often construed according to the different contexts and places used. The definitions most used and seemingly in all statutes such as the one before us, are to compel— to demand—to command—to make necessary. Mattingly Heirs v. Reed, 60 Ky. 524; Meagher v. Van Zandt, 18 Nev. 230; State v. McCord, 8 Kan. 232; Kennedy v. Falde, 29 N. W. 667; Lippincott v. Ridgeway, 11 N. J. Eq. 526; Brewster v. Brewster, 52 N. H. 52; People v. Central Pac. Ry. Co., 76 Cal. 29; Park v. Candler, 114 Ga. 466; McKeever v. Iron Co., 138 Pa. 184; 34 Cyc., p. 1626. From these and other authorities we conclude that testimony given, or a statement made before a court or grand jury, which is free from the elements of demand, or command, or compulsion, and appears to have been made voluntarily and with knowledge that it is not demanded or compelled, would be admissible in evidence against the party making it, under a statute such as this, and such party could not claim immunity for having given such testimony.

In the case before us appellant affirms that he was told by a deputy sheriff to come to the grand jury room, and went. No effort was made by him to show that any subpœna was issued

for him. Moreover, it appears that when he came into the grand jury room he was distinctly and specifically warned by the District Attorney that he need not make any statement unless he wanted to, and that any statement he might make could and would be used in evidence against him, if he was indicted; that such statement, if made by him, would be reduced to writing. After being told these things he made a statement, some questions being asked him by the District Attorney, and when the statement was reduced to writing and the statutory warning theretofore given him had been inserted, same was exhibited to him and by him signed. Nowhere in his testimony as given on the trial does he affirm or suggest that he was overreached, compelled, or required in any sense to make such statement. It is undisputed that same was not required or compelled. We are of opinion that he does not show himself entitled to claim immunity from prosecution because of having made said statement.

Appellant sought to have the jury told that if he appeared before the grand jury at the request of the deputy sheriff and made the statement offered in evidence, he should be acquitted. We do not regard same as the law.

Bill of exceptions No. 4 complains of the refusal of a charge that if from the evidence the jury believed that appellant kept for sale tincture of ginger, believed by him to have been made according to the formulas prescribed by the United States Pharmacopœia, or if the jury had a reasonable doubt thereof, they should acquit. We do not understand this to be the law. It is expressly provided by Art. 674, P. C., that if one who keeps such preparation as this tincture, even though put up according to the formulas of said Pharmacopœia, for sale for beverage purposes, and it is a liquor forbidden to be kept or sold for beverage purposes, he would be guilty of violating the law, no matter what formula he might believe the liquor to have been made under. In this connection we observe that the learned trial judge told the jury in the charge that even though they found from the evidence that the liquor possessed by appellant was intoxicating, and that it was possessed by him for the purpose of sale, yet if they found from the evidence that he believed same was not an intoxicating liquor when taken in reasonable quantities, or if they had a reasonable doubt of this fact, they should acquit. Again, the court charged the jury that if they found from the evidence that appellant did not possess potable liquor as alleged in the second count, for sale *as a*

*beverage,* or if they had a reasonable doubt of his so possessing such liquor for said purpose, they should acquit of the charge in the second count. The court also told the jury that even though they found that appellant possessed for sale potable liquor containing in excess of one per cent of alcohol by volume, yet if they found that same was not possessed for sale as a beverage, or if they had a reasonable doubt as to its possession for that purpose, they should acquit. The court also told the jury that if they believed appellant possessed the tincture of ginger for medicinal purposes only, or they had a reasonable doubt as to his so possessing same, they should acquit on both counts submitted. This latter charge was but the completion of the presentation from all different angles of the theories of the defense. Exception was taken to paragraph Xa, containing the last mentioned charge, but the exceptions are too general to be considered, it being stated that said charge placed too great a burden on the appellant.

Appellant objected to the offering of only a part of the statement made by him before the grand jury, asserting that if any of said statement was introduced, all must be. This is not sound. Early v. State, 9 Tex. Crim. App. 477; Giles v. State, 67 S. W. 411; Shaw v. State, 73 Tex. Crim. Rep. 637; Davis v. State, 209 S. W. 749. When any part is offered by one party, all relating to the same subjects may be offered by the other party. The writing offered in evidence contained in full the statutory warning, which the testimony showed was first orally given to appellant before he made any statement. That part or all of such statement was in answer to questions would not render it incompetent. Bailey v. State, 26 Tex. Crim. App. 715; Tidwell v. State, 40 Tex. Crim. Rep. 40.

Two bills of exception complain of the reception of evidence that numbers of tincture of ginger bottles were found in appellant's toilet and in an alley back of the store; that said bottles would be hauled off but would accumulate again. We think this testimony presented circumstances affecting the quantity of such liquor sold by appellant and that the jury had the right to receive and consider same as shedding light on whether appellant was selling the tincture of ginger only for medicinal purposes or as a beverage.

We are not able to agree with appellant's contention that the evidence does not support the verdict. The admission of appellant, the rapidly accumulating quantities of bottles of tincture of ginger, the testimony of the parties who bought from him, all seem enough to justify the jury in their conclusion.

Appellant files an able brief and argument which we have examined. Many authorities are cited in support of some of the propositions above discussed, but none of them are deemed applicable. Appellant cites Dunagan v. State, 278 S. W. 432, and Douglass v. State, 269 S. W. 1041, as supporting his proposition that the statement made by him before the grand jury was incompetent. As we view said cases, both are wholly aside from the point deemed controlling by us. Douglass was brought from jail, and Dunagan was subpœnæd, and neither was told when brought before the grand jury that he need make no statement unless he wished to, and that if he did it would be used against him. So, also, in Lewis v. State, 279 S. W. 828, in which case the accused was brought before the grand jury and carried from there to the jail repeatedly for his refusal to testify, and he finally did testify in order to keep out of jail. We held the statements made by him incompetent.

Appellant urges that a part of the court's charge, while not excepted to, presented fundamental error. His contention was that paragraph six of the court's charge, wherein the jury were told as follows:

"Or if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, L. L. Medlock, on or about September 25, 1925, in Nolan County, Texas, unlawfully possessed, for the purpose of sale *as a beverage,* a potable liquor, containing in excess of one per cent of alcohol by volume, etc., then you will find the defendant guilty." is erroneous. Appellant's contention seems to be that the use of the expression "as a beverage" in said charge vitiates same. In our opinion this is the portion of the charge which makes it the law applicable to the facts in this case. There was no question but that appellant sold a potable liquor containing in excess of one per cent of alcohol by volume. Unless he sold it as a beverage he could not be convicted under Art. 674 of our Penal Code. If he sold it as a beverage he was guilty of violating the law.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a forceful motion insisting that the statement made by him before the grand jury should not have been received in evidence because he was summoned before that body, sworn, and made the statement under

oath in response to inquiries by the District Attorney, it being appellant's contention that under such circumstances Art. 694 P. C. (1925) renders him immune from prosecution. The article in question is in the chapter relating to violations of the intoxicating liquor laws and reads as follows: "No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony." It has long been the settled law of this state that the confession of accused is admissible when taken before a grand jury, even though accused was summoned before that body or taken before it while under arrest, and his statement made under oath, provided the statement was voluntary, the proper warning given, and other formalities complied with. Thomas v. State, 35 Tex. Crim. Rep. 178, 32 S. W. 771; Wisdom v. State, 42 Tex. Crim. Rep. 579; 61 S. W. 926; Grimsinger v. State, 44 Tex. Crim. Rep. 1, 69 S. W. 583. An examination of the two cases last cited makes it apparent that the question was exhaustively considered and that Judge Henderson, then a member of this court, did not unqualifiedly assent to the holding, but the majority opinion prevailed and so far as the writer knows has been uniformly followed. Appellant's contention is that the effect of Art. 694, supra, renders inoperative the law announced in the opinions cited where the statement made by accused before the grand jury is with reference to the subject referred to in said article. It is conceived to be true that one accused of violating the law relating to intoxicating liquors may confess thereto the same as if charged with the commission of any other offense, and that such confession—if made under the proper formalities—be usable against him. In the present case appellant was warned by the District Attorney that he did not have to make any statement at all, but that if he did make one it could be used against him. It is apparent that the officers representing the state were not proceeding to an examination of appellant under the provisions of Art. 694, which would have permitted an inquiry of his even over his protest, but by the warning given pointedly advised him that the state was not so proceeding, and imparted knowledge to him that he could decline to make any statement whatever, with a warning that if he did make one it was at his peril. If in response to the warning appellant had signified a desire to remain silent, and the state had forced from him a statement because Art. 694

granted immunity, the element of a voluntary confession would have been destroyed.

Appellant again urges other matters considered in our original opinion, but we think no further discussion of them is necessary.

The motion for rehearing is overruled.

*Overruled.*