### Demos Johnson v. The State.

No. 11096.   Delivered February 8, 1928.

1.—**Possessing Intoxicating Liquor — Immunity From Prosecution — Rule Stated.**

Art. 694, P. C., provides "No person shall be excused from testifying against persons who have violated any provision of this Chapter (On Intoxicating Liquor), for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

**2.—Same—Continued.**

Appellant having been required to give testimony to the grand jury, under the conditions described by the foregoing article, he had the right to defend against this prosecution on that ground. If the testimony had developed a controversy touching the matter, the court would have been required to submit the issue to the jury for determination. See Lewis v. State, 279 S. W. 828, and other cases cited.

**3.—Same—Bill of Exception—Qualification of Court—Rule Stated.**

The trial judge has no authority to qualify a bill of exception of a party presenting it to him, and when the qualification is made, and excepted to, and the exception verified properly, the bill will be considered on appeal as approved without such qualification. See Stapleton v. State, 298 S. W. 578.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant. On immunity from prosecution, appellant cites: Wright v. State, 17 Tex. Crim. App. 158; Simco v. State, 9 Tex. Crim. App. 346; Whitten v. State, 250 S. W. 346, and Plunk v. State, 96 Tex. Crim. Rep. 205.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Officers discovered more than a quart of liquor in the possession of appellant. He filed a plea of immunity, contending that he was carried before the grand jury, under process, and forced to testify to incriminating facts, without warning, and that he testified fully to such facts, furnishing material facts which were used in finding and returning the indictment against him.

It is shown by bill of exception No. 5 that appellant testified on the trial of his case that he was summoned by the grand jury and taken before said body by a bailiff; that he was asked if he was carried before the grand jury and sworn as a witness; that the state objected to the testimony as immaterial and the court sustained the objection; that he was then asked if he was required and forced to testify concerning the offense for which he was then on trial; that the objection of the state was again sustained; that if he had been permitted to testify his

testimony on the point in question would have been as follows:

"Yes, in obedience to said summons from said grand jury of Shelby County, Texas, at the October term, 1925, of the District Court of Shelby County, Texas, I was carried before said grand jury and there sworn as a witness, and required to testify about the transaction wherein I am now on trial. I was not warned at any time. I was asked about the offense for which I am now on trial, and I furnished to the grand jury information that tended to incriminate me, and furnished to the grand jury facts and testimony which disclosed acts of which I was guilty, about me possessing intoxicating liquors on the date as charged in the indictment in this cause, wherein I am now on trial for possessing intoxicating liquors, as charged in the indictment. I kept from the grand jury nothing about this charge and offense but told them all about it."

The court refused to submit the issue of immunity to the jury, and struck the plea from the record. There is appended to the bill of exception a qualification. Appellant objected and excepted to such qualification, which action was authenticated by the trial judge. The bill being qualified over objection, the qualification cannot be considered. The judge has no authority to qualify a bill over objection of a party presenting it to him. Stapleton v. State, 298 S. W. 578. It follows that the qualification cannot be taken into consideration in determining whether error is presented by the bill.

Article 694 P. C. provides: "No person shall be excused from testifying against persons who have violated any provision of this chapter (chapter on intoxicating liquor) for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

It was appellant's right to defend on the ground that he had been required to give testimony to the grand jury under the conditions described by the foregoing article. If the testimony had developed a controversy touching the matter, the court would have been required to submit the issue to the jury for determination. The learned trial judge fell into error in declining to permit appellant to support his plea of immunity by testimony. Lewis v. State, 279 S. W. 828; Dunagan v. State, 278 S. W. 432; Douglas v. State, 269 S. W. 1041.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.