## Roy Blanks v. The State.

No. 11175. Delivered November 23, 1928.
Rehearing denied February 13, 1929.

The opinion states the case.

*A. J. Cole, R. M. Turpin* and *Black & Graves,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

The state's testimony is as follows: Walter Ginn, deputy sheriff, saw appellant and one Robertson in an automobile driving along a road between Hedley and McKnight. When first seen by the officer appellant and his companion were coming out of a pipe line camp. The parties turned up the road west, the officer being behind them in an automobile about three hundred yards. Appellant and his companion were overtaken by the officer about a quarter of a mile from the pipe line camp. When the officer reached the parties appellant was sitting in the car and his companion had crawled through a fence thirty or forty yards from the car and was walking along the fence. There was some cane near the fence, and Robertson, appellant's companion, walked to the cane and picked up two half-gallon jars and started back toward the car in which appellant was seated. At this time the officer was about 75 or 100 yards from the parties. When Robertson started to the car with the jars the officer drove toward the parties. Robertson put the jars in the car, got in and appellant drove the car up the the road, the officer following them in his car at a distance of about 100 yards. Following the car for about four miles, the officer saw two jars thrown out of the car, which looked like the jars he had seen Robertson carry from the cane to the car. Appellant and his companion met a touring car coming in their direction, and in attempting to pass on the right of the touring car they were compelled to slow down as they did not have enough room to pass. At that time the officer drove in ahead of the car occupied by appellant and his companion, and appellant unsuccessfully endeavored to pass the officer, first on the right and then on the left. In attempting to pass the officer, appellant drove up by the side of the officer's car, but was unable to get by and had to stop. The officer told appellant that he wanted to see what he had in his car and appellant replied, "We haven't got a thing but a little to drink." Looking into the car the officer found a fruit jar with a small amount of

whiskey in it hidden under a sack. The officer then asked appellant if he would go to Hedley with him and appellant replied that he would. However, appellant got in his car, ran off and left the officer and was not seen by him for eight or nine days.

James E. Walton, a witness for appellant, testified that he had been with appellant and Robertson at the pipe line camp shortly before the search of the car; that while with the parties he bought a quart of whiskey, which was in a half-gallon fruit jar similar to the one that was introduced in evidence; that he, appellant and Robertson drank some of the whiskey and that he unthoughtedly placed the whiskey in appellant's automobile and put a sack over it. That he did not tell appellant or Robertson that he put the whiskey in the car and that he didn't think they saw him when he placed it there; that he left the car for the purpose of seeing some other parties, and that when he returned appellant and Robertson had driven away.

Testifying in his own behalf appellant stated that he went to the pipe line camp on the day of his arrest with the witness Walton; that Robertson went with them in his (appellant's) automobile at appellant's request; that while they were at the camp Walton bought a quart of whiskey which was in a half-gallon fruit jar; that he, Walton and Robertson drank some of the whiskey; that he did not know at the time that the witness Walton placed the whiskey in his (appellant's) car. Appellant admitted that the deputy sheriff found the whiskey in his car, but declared that he did not know it had been placed in the car, and did not know it was in the car at the time that the sheriff stopped him. He denied that he stated to the officer that there was nothing in the car but a little drink, denied that either he or Robertson threw any fruit jars out of the car and declared that he had not seen Robertson go to the cane and bring a couple of jars to the car as testified to by the officer.

The record discloses that appellant was subpoenaed as a witness before the grand jury and required to give testimony concerning the transaction resulting in his arrest, and that he testified to substantially the same facts before the grand jury as were given in his testimony on the trial of the case.

It is appellant's contention that the court should have instructed the jury to acquit him, his position being that he had been required under Article 694 P. C. to give testimony which tended to incriminate him and that, therefore, he was not punishable for the acts disclosed by his testimony. Under the facts disclosed by the record appellant is not within the comprehension of Article 694 P. C., and

the court did not err in refusing to peremptorily instruct the jury to return a verdict of not guilty against him. Article 694 P. C. provides:

"No person shall be excused from testifying against persons who have violated any provision of this chapter, for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

It is clear, under the above quoted article, that one who is required to testify against persons charged with the violation of any of the provisions of Title 11, Chapter 7, relating to intoxicating liquor, is exempt from punishment for acts disclosed by such testimony. Appellant denied before the grand jury that he had any connection with the liquor found in his car and stated that he was unaware that such liquor was in his car until the officer had discovered it there. Moreover, he declared that he had not seen Robertson with any jars coming from the cane as testified to by the officer and that he was in plain view of him at the time; and denied that either he or Robertson threw any jars from the car as testified to by the officer. The only facts admitted by him were the ownership of the car and the finding of the whiskey by the officer. The remainder of appellant's testimony instead of tending to incriminate him tended to exculpate both Robertson and himself. We are unable to find anything in the record that would support the conclusion that appellant was punished for any acts disclosed by him to the grand jury. Lavis v. State, 246 S. W. 395.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the trial court should have given a peremptory instruction to acquit based on the claim of immunity because of appellant's testimony given before the grand jury. What that testimony was is sufficiently set out in the original opinion. The immunity statute, Art. 694, P. C., is also copied in the original opinion, but no mention is made of the fact that the

learned trial judge took cognizance of such statute. He did charge upon that subject as follows:

"You are instructed that no person is excused from testifying before the Grand Jury against any person who has violated the law making it an offense to transport intoxicating liquor, but no person so required to so testify, shall be punished for acts disclosed by such testimony. Now if you find from the evidence that the defendant, Roy Blanks, was taken before the Grand Jury of this County, and required to, and did testify to facts concerning this case, that incriminated him on the charge laid in the indictment, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.' "

Certainly under the facts of this case the foregoing instruction was all appellant was entitled to. The court would not have been justified in giving the requested peremptory instruction. The case of Davis v. State, 246 S. W. 395 is cited in the original opinion. This court has also written upon the same subject in Medlock v. State, 1 S. W. (2d) 308; Dodson v. State, 89 Tex. Cr. R. 541; Douglas v. State, 39 Tex. Cr. R. 413; Dunagan v. State, 102 Tex. Cr. R. 404; Lewis v. State, 103 Tex. Cr. R. 64 and Hillman v. State, 103 Tex. Cr. R. 603. We are of opinion that nothing in these cases supports appellant's contention under the facts disclosed in the record.

The motion for rehearing will be overruled.

*Overruled.*