## Eva Fine v. The State.

No. 12561. Delivered June 5, 1929.

The opinion states the case.

*F. L. Kuykendale* of Albany and *J. R. Block* of Baird, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Appellant claims that by virtue of the provisions of Article 694, P. C., she was immune from prosecution. The statute in question reads as follows:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

The testimony heard by the trial court reveals that appellant appeared before the grand jury and testified to the fact that officers had raided her residence and found a large quantity of beer. She further told the grand jury that she and one Hart were selling the beer. Appellant revealed to the grand jury the identical facts upon which the conviction was based.

It was the position of the state that appellant voluntarily went before the grand jury and that she was not required to testify. We note that a bailiff for the grand jury testified that he had a subpoena for appellant, which the grand jury had issued. The foreman of the grand jury testified that he did not remember issuing the subpoena. The bailiff summoned appellant to appear before the grand jury. She was admitted to the grand jury room and sworn as a witness. The district attorney as well as the grand jury asked her questions. She gave the grand jury a list of witnesses to whom she said she and Hart had sold beer, and said witnesses were summoned to appear before the grand jury. In response to a question by the court the district attorney stated that the grand jury did not require appellant to testify. The subpoena issued for appellant could not be found. In his testimony the district attorney said he asked appellant when she first entered the grand jury room if she wanted to make a statement; that she answered in the negative; that he said, "That is all then"; that appellant then said she wanted to give the grand jury the names of some witnesses to whom Hart had sold beer; that he then asked the witness if she saw Hart sell beer to the witnesses; that appellant answered in the affirmative.

We are of the opinion that the contention of the state is not tenable. Being before the grand jury under process, appellant was sworn as a witness and interrogated by the grand jury. As we understand

the record, the identical facts upon which the prosecution was based were elicited from appellant by questions propounded by the grand jury after she had told the grand jury that she wanted to give them the names of witnesses to whom Hart had sold beer. In short, it was developed from questions propounded to appellant that she and Hart possessed and sold the beer found by the officers in appellant's residence. We are unable to escape the conclusion that appellant was called upon by the grand jury to testify to the identical facts upon which the conviction was predicated. This being the case, appellant was immune from prosecution. Douglass v. State, 269 S. W. 1041, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.