## T. H. Coleman v. The State.

No. 14170.   Delivered May 6, 1931.
Rehearing Denied November 13, 1931.

The opinion states the case.

*T. T. Crosson,* of Ballinger, and *Critz & Woodward,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The state used only two witnesses, each of whom swore that with appellant's express consent they searched his truck which he was driving upon a public highway and found therein three and a half gallons of whisky. This seems amply sufficient to make out a case and to justify the jury in their conclusion of guilt.

Appellant used three witnesses who testified to his good character. No other testimony was before the jury. The defense in this case was that appellant was entitled to immunity from prosecution under the terms of article 694, P. C., which reads as follows:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

To show himself entitled to such immunity appellant called the county attorney to the witness stand, who testified,—out of the presence of the jury,—that a day or two after appellant's arrest on this charge, either in the office of witness, or that of the justice of the peace, appellant made a statement regarding the transaction, which this witness reduced to writing and appellant signed. Witness gave the names of those present at the time. He further testified that after being told by the chief of police what had occurred at the time of appellant's arrest, witness talked to appellant, who said he did not think there was much for him to do,—that he had been caught by the chief of police, and that they had found some whisky in his truck. He further said that he told

appellant that he could make a statement if he wanted to, but that he did not have to do so, and that if he. did it could be used against him but not for him. He further testified that he gave to appellant the statutory warning which appeared at head of the written confession signed by appellant, after which appellant went ahead and made the statement to witness as county attorney. He said this was not before any examining trial.

Appellant wished to place this same evidence that was heard by the court, before the jury,—and complains in two bills of exception that he was not allowed to so introduce same. Appellant introduced before the court, out of the hearing of the jury, both the county attorney and Mr. Moreland, the chief of police. No substantial difference is found between the statements of these two witnesses, at least none affecting the legal question presented.

If we understand appellant, he insists that in making the written statement to the county attorney he was,—in the language of article 694, supra, "Testifying against persons who have violated" the law against transporting intoxicating liquor; also that he was "Required to so testify," and that, therefore, he can not be punished for acts disclosed in such statement.

Giving full effect to all the testimony heard by the court out of the presence of the jury, we still find nothing in this record supporting any such proposition as that appellant was required to testify against himself. On the contrary, the undisputed testimony shows that he was told that he did not have to make any statement unless he wanted to, and that whatever statement he made could be used against him. In other words, we find that he was given the full statutory warning usually prefacing confessions held admissible in all character of criminal cases.

In addition, we might observe that appellant in his statement did not "disclose" any acts for which he is here sought to be punished. What he told the county attorney at the time the statement was made, amounted only to facts which were already known to the chief of police Moreland, and Mr. Armstrong who accompanied Mr. Moreland at the time appellant's truck was searched and the whisky found therein. In other words, all the testimony given upon this trial before the jury, and upon which the state relied for conviction, consisted of facts known to the officers prior to the time appellant made the written statement.

To hold that appellant was required to make this statement, or that the making of same under these facts was requiring him to give testimony against himself, would be to establish a precedent for the rejection of all confessions of criminals in all cases,—the law requiring as a predicate for the admission of such confessions that the same be freely and voluntarily made, and, except in certain cases, after having been warned

by the person to whom the statement was made. This we are unwilling to do.

We see no necessity for the introductoin of this testimony before the jury, and are of opinion that the announcements of Bingham v. State, 97 Texas Crim. Rep., 594, and Weddle v. State, 112 Texas Crim. Rep., 250, are sound and enunciate a correct rule applicable here. In addition we note that all the evidence heard by the court on the question attempted to be raised, appears to be against the proposition that appellant was required to give testimony; and we further find no testimony supporting such proposition. That is to say, that nothing thus heard, as far as this record reflects, suggests that appelant was required to testify, and no issue being made in no event would there have been need for the submission of the question to the jury.

We have no reason to believe that the statute involved,—article 694, supra,—evidences any tenderness on the part of the legislature toward one charged with a violation of the liquor law, greater than toward one charged with rape, murder, burglary, etc., who makes a confession of his guilt in statutory form. We regard what we said in Medlock's case, 108 Texas Crim. Rep., 274, as correct and applicable.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—When the officer who searched the appellant's car and made the arrest was called as a witness for the state, the court, at the request of the appellant, retired the jury and heard testimony of Moreland (the arresting officer), whose direct and cross-examination upon the hearing before the judge is set out in bill of exception No. 1, and covers several pages of the record. The testimony given by Moreland, if true, was deemed by the court to demonstrate the existence of probable cause for the search of the appellant's automobile and his arrest by reason of the discovery made in the search. The testimony so given before the court, including the direct and cross-examination, in the judgment of this court, fails to present any issue of fact on the question of probable cause for the arrest and search. On the hearing mentioned the appellant did not testify but introduced his written confession.

In many cases the announcement has been made that where the evidence touching probable cause is without conflict, the question of probable cause was one for the court to determine. See Jenkins v. State, 116 Texas Crim. Rep., 374, 32 S. W. (2d) 848; Battle v. State, 105 Texas Crim. Rep., 568; Weddle v. State, 112 Texas Crim. Rep., 250; McPherson v. State, 108 Texas Crim. Rep., 265; Glenniwinkel v. State, 114 Texas Crim. Rep., 188, 21 S. W. (2d) 514; Borders v. State, 115 Texas Crim. Rep., 35, 27 S. W. (2d) 173; Filpot v. State, 114 Texas

Crim. Rep., 278, 26 S. W. (2d) 202; Hurst v. State, 111 Texas Crim. Rep., 245, 13 S. W. (2d) 95; Patterson v. State, 111 Texas Crim. Rep., 242, 13 S. W. (2d) 97.

Appellant made a written confession which is in conformity with the statute on confessions when one is under arrest. It was not, however, introduced in evidence before the jury. The confession was made under the following circumstances, as revealed by the record: The appellant was in jail, under arrest, charged with the offense of transporting intoxicating liquor. The next morning after his arrest, he was brought by the officer in charge of him from the jail to the office of the county attorney. There were present the chief of police, a deputy sheriff and a justice of the peace. The county attorney had previously been informed of the arrest of the appellant. A conversation took place as related by the county attorney, who said, in substance, that the appellant was brought into his office about the charges of which the county attorney had been informed on the night before by the witness Moreland, who arrested the appellant; that is to say, that the appellant's car had been searched and a quantity of whisky found therein which the appellant admitted he had transported. The appellant was asked by the county attorney what he wanted to do. The county attorney said it seemed that the appellant said he had been caught and that he did not think there was very much for him to do; that he had been caught and whisky found in his truck, and that there was not very much to be done. In that connection, the appellant was told that he had a right to make a statement about it, and if he wanted to, he could do so, but that he did not have to do so; that if he did make a statement it could be used against him but not for him, that is, the county attorney gave the statutory warning preliminary to a confession. The appellant then made the statement to the county attorney. The county attorney said:

"I was trying to find out where he had bought the whisky and to get at the seller. That is a fact. If I remember correctly, I gave him this statutory warning before he told me anything about the statement. * * * That statement he made was a narrative statement resulting from the questions and answers propounded and given. I did not reduce it to writing in question and answer form. I would ask the question and he would answer it, and then I would reduce that to narrative form."

In the written confession the appellant declared that he was moving from Harlingen, Texas, to Runnels County, and was arrested in Ballinger; that he came in a truck from Harlingen; that he bought four and one-half gallons of whisky at five dollars per gallon from a person whom he took to be a German, but whose name he did not disclose.

The appellant contends that his appearance, while under arrest, before the county attorney and justice of the peace, and his statement

in their hearing results, by virtue of the terms of article 694, P. C., in immunity from prosecution. The statute in question reads thus:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

The appellant relies upon the following cases: Fine v. State, 112 Texas Crim. Rep., 652, 18 S. W. (2d) 156; Douglas v. State, 99 Texas Crim. Rep., 413, 269 S. W., 1041; Johnson v. State, 109 Texas Crim. Rep., 8, 2 S. W. (2d) 452; Lewis v. State, 103 Texas Crim. Rep., 64, 279 S. W., 828; Dunagan v. State, 102 Texas Crim. Rep., 404, 278 S. W., 432, in which reversals were ordered. He attempts to distinguish the case of Medlock v. State, 108 Texas Crim. Rep., 274, 1 S. W. (2d) 308.

In the case of Johnson v. State, 109 Texas Crim. Rep., 8, the trial court *rejected* the testimony of the appellant that he was *forced to testify,* citing Lewis v. State, 103 Texas Crim. Rep., 64, 279 S. W., 828; Dunagan v. State, 102 Texas Crim. Rep., 404, 278 S. W., 432; Douglas v. State, 99 Texas Crim. Rep., 413, 269 S. W., 1041.

In Hillman v. State, 103 Texas Crim. Rep., 603, the appellant was called three times before the grand jury and gave testimony implicating one Jirasek in transporting intoxicating liquor. The testimony given by the appellant was used against him on his trial.

In the Lewis case, 103 Texas Crim. Rep., 64, the accused was forced to give testimony before the grand jury against one Wilkes, which, on the appellant's trial, was used against Lewis.

In Fine's case, 112 Texas Crim. Rep., 652, the accused, when summoned before the grand jury and sworn as a witness, and while interrogated, gave testimony implicating herself and one Hart. She was required to testify and was therefore entitled to immunity.

Apparently the question presented is to be solved by determining from the record whether the appellant was *required* to give *evidence* such as described in the statute, art. 694, supra. The meaning of the word "required", as used in the statute, has been discussed in Medlock's case, 108 Texas Crim. Rep., 274, from which the following quotation is taken:

"It will be observed that to exempt from punishment any person who has testified against those supposed to have violated the provisions of the chapter including said article, such persons must *have been required* to testify."

After citing many precedents, the opinion concludes:

"From these and other authorities we conclude that testimony given, or a statement made before a court or grand jury, which is free from the elements of demand, or command, or compulsion, and appears to

have been made voluntarily and with knowledge that it is not demanded nor compelled, would be admissible in evidence against the party making it, under a statute such as this, and such party could not claim immunity for having given such testimony.

\* \* \* \* \* \* \* \*

"He made a statement, some questions being asked him by the District Attorney, and when the statement was reduced to writing and the statutory warning theretofore given him had been inserted, same was exhibited to him and by him signed. No where in his testimony as given on the trial does he affirm or suggest that he was over-reached, compelled or required in any sense to make such statement."

There are a number of statutory provisions under which a person may be required to testify and his doing so results in immunity. Article 598, P. C., applies to fire insurance transactions. Article 639, P. C., relates to gaming cases. Article 694, supra, under consideration, relates to violations of the intoxicating liquor law. Article 652, P. C., relates to violations of the law against betting on elections.

There are certain provisions touching preliminary investigations such as the court of inquiry defined by article 886, C. C. P., examining trials governed by articles 245 to 265, inclusive, grand jury, controlled by articles 333 to 366, C. C. P. The power to *require* a witness to testify pertains to some of the statutory provisions, such as the grand jury, the court of inquiry, and, as a matter of course, to the trial of one charged with an offense by complaint, information or indictment. As indicated in the Medlock case, supra, if the statement by one under arrest is made under circumstances where he is not *required,* or when he was not before a tribunal which could punish him or cause his punishment upon his refusal to testify, then such statement is not such as results in immunity under the provisions of article 694, supra.

In the present case, it seems clear from a recital of the facts that the appellant was not compelled or *required* to give testimony or to make any such statement, but that such written statement as he made and signed was voluntarily made after due warning, and was written by the county attorney in narrative form as a summary of the replies of the appellant to certain questions propounded to him by the county attorney. The information given does not disclose the name of the person from whom the appellant claims to have purchased the whisky. None of the answers to the questions prounded to the appellant before the written statement was signed by him were available to the state as evidence against him, for the reason that he was under arrest, and the statements were verbal, and under article 727, C. C. P., were not admissible in evidence against him. The written statement made by the appellant was not used by the state. It was introduced by the appellant before the

court but not before the jury. Prior to the occasion on which he made the statement upon which he bases his claim for immunity, he had, at the time of his arrest and incident thereto, made to the arresting officer statements which were admissible against him under the principle of res gestae, which were incriminating and sufficient to support the conviction against him, and which, in fact, constituted the evidence upon which the state relied for a conviction.

The appellant's contention, as understood by the members of this court, is apparently in conflict with the legislative intent in enacting the immunity statutes to which reference has been made and the retention of the confession statute, (Art. 727, C. C. P.) as part of the law of the state. The fact that the appellant made a confession under the conditions prescribed by article 727, supra, cannot, without the destruction of that article, be construed to exculpate him. The opposite is the intent and effect of article 727, supra. It seems obvious that the immunity statutes and the confession statutes are to be construed together.

In addition to the above, attention is drawn to the fact that article 694, supra, obviously means that to entitle one to immunity, "the accused must give testimony." In the present instance, the appellant gave no testimony. He was neither before a court, an examining court, a grand jury, nor court of inquiry. As the record is understood, he was merely having a conversation with the county attorney under circumstances which gave him no power to require a statement, and which led to the making of the appellant's voluntary confession in writing in accord with the terms of the statute, influenced, it appears, by nothing save his own volition.

The motion for rehearing is overruled.

*Overruled.*