G. L. MIERS v. THE STATE.

No. 15831. Delivered April 19, 1933.
Rehearing Denied May 24, 1933.
Motion to Abate Dismissed June 7, 1933.
Reported in 60 S. W. (2d) 217—788.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment, one year in the penitentiary.

The appellant insists that the evidence is insufficient to support the conviction. The evidence introduced by the state shows that Love Kimbrough, sheriff of McCulloch County, together with other officers, armed with a search warrant, went to a house on the Mason road in the south part of the town of Brady. The said sheriff testified that he knew where the appellant was living on and at that date and he was living in the house which they searched on the Mason road; that they found in said house a quart of alcohol and about three pints of whisky and a bunch of near beer and a lot of empty bottles, both pint and beer bottles, and a bunch of corks and crowns for these beer bottles. A quart of alcohol was in a quart bottle, and the whisky was in a five-gallon container. He also found a lot of corks that would fit in the bottles and also a capper. He further testified that at the time a young man by the name of Raymond Johnson and also one Eugene Whitehead were staying

with the defendant, G. L. Miers. He further testified that he did not know how long the appellant had been living at the house but he had been there several weeks. While appellant was living at said house, he, the sheriff, had been by that place a number of times both at night and during the daytime, and, when he passed there, there was considerable traffic around that house and a number of cars coming and going, and there would be several cars parked there at one time.

The state also introduced in rebuttal a witness by the name of Joe Myrick who testified that he was night watchman in Brady and knew the appellant, G. L. Miers, and knew where he was living at the time he went with the sheriff to his place. He testified that, when they got to the house searched, the appellant was at home. Raymond Johnson, Judge Sanders, and Dr. Powell were also at the house.

The appellant did not testify, but offered a witness by the name of James Snell. He testified that he had lived at the house prior to the time the appellant moved out there, and prior to the time he had lived there a Mrs. Mae Achteberg had lived in that house; that he moved in said house the day after the said Mrs. Achteberg moved out, and there was at that time a lot of empty beer bottles and other bottles there; that the stuff he found there was still there when he moved out; that the appellant and Eugene Whitehead moved in about three days after he moved out.

In his brief the appellant insists that the insufficiency of the evidence lies in the fact that there is just as strong evidence against the other parties found at the house at the time of the raid as there was against the appellant. We cannot assent to this contention. The sheriff's testimony showed that the house raided was the appellant's house rather than the house of anyone else. His testimony along this line was as follows: "* * * I know where he was living on and prior to that date. He was living in a house on the Mason road on the south part of Brady. I had occasion to be at this house on this date. * * * I saw the defendant out there and I found about a quart of alcohol out there and about three pints of whisky."

There is nothing in the evidence to show that anybody else was in possession of the house nor was there any evidence offered in behalf of the appellant as would disprove his possession thereof.

The appellant also contends that under the facts in this case there was no presumption against him for possession of more than a quart of whisky because of the fact that it was shown by the testimony that Raymond Johnson and Eugene White-

head also lived and stayed at said house, and the testimony did not show that the said Johnson or Whitehead did not own said liquor, and if the said whisky and alcohol was possessed by the appellant and Raymond Johnson and Eugene Whitehead jointly, share and share alike, there was less than a quart possessed by each one, and no presumption for possession for the purpose of sale would arise therefrom. With this contention we cannot agree. There is no evidence to support the appellant's contention. Conceding that the evidence showed that Johnson and Whitehead were staying at said house, there was absolutely no evidence in the record to show that they owned or possessed any part of said liquor. While there were other parties in the house at the time, we think the uncontradicted evidence of the sheriff was sufficient to show that appellant had full control of the house and its contents. If he did not know of the presence of the liquor or if it was not put there with his consent, it is not shown. The court charged on the law of principals. Under the authorities, to possess or the possession of liquor, as described in the indictment in this case, means the exercise by the accused, either alone or acting together as a principal with another person or persons in the actual care, control, and management of such liquor, regardless of whether he had any ownership in it or not. We do not understand the law to be that a person must actually own the liquor before he can be held amenable to the statute denouncing the possession of intoxicating liquor for the purpose of sale. See Vinson v. State, 105 Texas Crim. Rep., 107, 286 S. W., 1100; Whittington v. State, 38 S. W. (2d) 814.

A careful examination of the testimony in this case leads us to the conclusion that the evidence is sufficient, although circumstantial, to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Love Kimbrough, the sheriff, testified that he knew where G. L. Miers resided on and prior to June 6, 1932; that upon a search of the appellant's premises he found the articles named in the original opinion, including three pints of whisky and a quart of alcohol. Staying with the appellant were two men who had been living at the house

for several weeks. The names of the men were Johnson and Whitehead. Prior to the search, the appellant had been seen near the place a number of times, both in daytime and night-time. The sheriff noticed considerable traffic around the house and a number of cars coming and going. Several cars were parked at the house at one time. The witness had seen cars at the house but could not tell the numbers on them.

Neither the appellant nor either of the men who were his companions at the time of the raid gave testimony upon the trial.

Appellant presented the issue of a suspended sentence. The evidence was conflicting touching the appellant's reputation, though several witnesses testified that his general reputation as a peaceable, law-abiding citizen was bad. Appellant was a young man about nineteen years of age.

Adverting to the recitals of the evidence upon the original hearing as well as that noted above, it is thought that we are not justified in reversing the case for want of sufficient evidence. It is also thought that no error was committed in charging upon the law of principals. If, however, it was un-necessary to give the charge, it could not be regarded as harm-ful to a degree that would justify a reversal of the judgment. The case of Durham v. State, 16 S. W. (2d) 1092, is not deemed authority as supporting the contention of the appellant.

The motion for rehearing is overruled.

*Overruled.*

## ON MOTION TO ABATE THE PROSECUTION.

MORROW, PRESIDING JUDGE.—Appellant was indicted in October, 1932, for the possession of intoxicating liquor for the purpose of sale. He was tried and notice of appeal to this court given on October 25, 1932. The record was filed in this court on January 6, 1933. The judgment was affirmed on April 19, 1933, and motion for rehearing was overruled May 24, 1933.

By affidavit made on May 25, 1933, and thereafter filed in this court, appellant seeks to have the affirmance set aside and the prosecution annulled upon the claim that during the April, 1933, term of court he was required to give testimony on behalf of the state in the case of Raymond Johnson, it being stated in the affidavit that the said Raymond Johnson was indicted as a co-principal with the appellant in the offense mentioned. Appellant relies upon article 694, P. C., 1925, which reads as follows:

"No person shall be excused from testifying against per-

sons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

In support of his claim that the judgment of conviction should be annulled, appellant cites the following cases: Dodson v. State, 232 S. W., 836, and Griffin v. State, 66 S. W., 782.

We refrain from discussing the legal question which the appellant attempts to present for the reason that the claim, as presented, cannot be considered for the reason that it comes by ex parte affidavit only and was not made an issue in the trial court either by plea in abatement or by other appropriate plea. See Dodson v. State, supra. In any inquiry on the subject, the question of the circumstances under which the testimony is given is one of fact, and upon the facts the question of immunity depends.

See Coleman v. State, 42 S. W. (2d) 1019, in which it is restated that testimony voluntarily given will not warrant immunity. It must be required. See Medlock v. State, 108 Texas Crim. Rep. 274; Henderson v. State, 103 Texas Crim. Rep., 502; Lewis v. State, 103 Texas Crim. Rep., 64. To give this court jurisdiction to pass upon the matter, it will be necessary that the question be brought before the court in some manner other than by affidavit as is attempted in the present instance.

The motion to abate the prosecution is dismissed.

*Dismissed.*