## MIERS v. STATE.

Court of Criminal Appeals of Texas.
June 7, 1933.

Shropshire & Sanders, of Brady, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Appellant was indicted in October, 1932, for the possession of intoxicating liquor for the purpose of sale. He was tried and notice of appeal to this court given on October 25, 1932. The record was filed in this court on January 6, 1933. The judgment was affirmed on April 19, 1933, and motion for rehearing was overruled May 24, 1933. 60 S.W. (2d) 217.

By affidavit made on May 25, 1933, and thereafter filed in this court, appellant seeks to have the affirmance set aside and the prosecution annulled upon the claim that during the April, 1933, term of court he was required to give testimony on behalf of the state in the case of Raymond Johnson, it being stated in the affidavit that the said Raymond Johnson was indicted as a coprincipal with the appellant in the offense mentioned. Appellant relies upon article 694, P. C. 1925, which reads as follows: "No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

In support of his claim that the judgment of conviction should be annulled, appellant cites the following cases: Dodson v. State, 89 Tex. Cr. R. 541, 232 S. W. 836, and Griffin v. State, 43 Tex. Cr. R. 43, 66 S. W. 782.

We refrain from discussing the legal question which the appellant attempts to present for the reason that the claim, as presented, cannot be considered for the reason that it comes by ex parte affidavit only and was not made an issue in the trial court either by plea in abatement or by other appropriate plea. See Dodson v. State, supra. In any inquiry on the subject, the question of the circumstances under which the testimony is given is one of fact, and upon the facts the question of immunity depends. See Coleman v. State, 118 Tex. Cr. R. 216, 42 S.W.(2d) 1019, in which it is restated that testimony voluntarily given will not warrant immunity. It must be required. See Medlock v. State, 108 Tex. Cr. R. 274, 1 S.W.(2d) 308; Henderson v. State, 103 Tex. Cr. R. 502, 281 S. W. 557; Lewis v. State, 103 Tex. Cr. R. 64, 279 S. W. 828. To give this court jurisdiction to pass upon the matter, it will be necessary that the question be brought before the court in some manner other than by affidavit as is attempted in the present instance.

The motion to abate the prosecution is dismissed.